THAYER & WILLIAMS *v.* DANIEL KELLEY, JR.; SMITH, ELDRIDGE & LEE, *Trustees;* HODGES & ROBINSON, *Claimants.*

*Assignment of future earnings for future advances.*

A person in the actual employment of another, from whom he is receiving wages at a stipulated rate, may make a valid assignment of his future earnings; although the employment is for no definite period, and may be terminated at any time by either party.

*Such an assignment may be made for the purpose of obtaining future advances as well as to secure a present indebtedness.*

TRUSTEE PROCESS.    The plaintiff's writ was served on the 28th of September, 1854.    The persons summoned as trustees were the trustees of the holders of the first mortgage bonds of the Vermont Central Railroad Company, and the principal defendant had for two years previous to that time labored for them at a given price per day, but without any agreement as to time, they having the right to discharge him, and he the right to leave at any time. The trustees were then owing him seventy-five dollars, and he still continued in their employment, and at the time of disclosing, they were owing him one hundred and twenty-one dollars.

In February, 1854, the principal defendant executed and delivered to the claimants a written assignment, of which the following is a copy.

" In consideration of one dollar paid, to my full satisfaction, by " Hodges & Robinson, of Northfield, Vt., and also of my previous " indebtedness to them, and to secure them therefor, and also for " any general balance of account, I hereby assign and transfer to " them or their order, all that is now due me, and what may be for " the space of twelve months due me from the trustees of the first " mortgage bonds of the Vermont Central Railroad Company, or " the corporation thereof, on account of services for either, and I " hereby order the same paid to the said Hodges & Robinson, " without further direction, and their receipt shall and is hereby " made a full discharge of and for the same.    Northfield, February " 10, 1854."

On the 17th of June, 1854, the principal defendant was indebted to the claimants in the sum of $86.71, for which he gave them his note, and he subsequently received advances from them which amounted, including the note, at the time of the service of the trustee process, to $196.56.    The trustees had notice of the assignment on the day of its date, and in pursuance of it made payments to the claimants, on account of their indebtedness to the principal defendant; but no copy of the assignment was recorded in the county clerk's office.

Upon the foregoing facts, the county court, March Term, 1855,— POLAND, J., presiding,—adjudged that the trustees were charge-

able, and that the claimants were not entitled to the funds, &c.
Exceptions by the claimants.

*F. V. Randall*, for the plaintiffs, cited 10 Vt. 251; 23 Vt. 531;
15 Vt. 252; 21 Vt. 426; 7 Met. 335; 1 Gray 105; Laws of
1852, p. 14.

*H. Carpenter*, for the claimants, cited 23 Vt. 546; 4 Cush. 214;
7 Met. 335; 2 Met. 335; 3 Met. 297; 10 Mass. 319; 12 Mass.
206; 8 Cush. 151; 18 Vt. 277.

The opinion of the court was delivered by

ISHAM, J.    It is admitted that the trustees were indebted to the
principal debtor, in the sum of seventy-five dollars, at the time of
the service of this writ, and in a larger sum at the time of their
disclosure.    But it is insisted that they are not chargeable, as
trustees, in this case, as the debt had been assigned to the claim-
ants before the service of this process, of which the trustees had
notice, and in pursuance of which they had made several payments.

The assignment of this claim was made on the 10th of Feb-
ruary, 1854.    It is not expressly stated that there was an indebt-
edness, from the principal debtor to the claimants, at the time that
assignment was made.    But the assignment purports to have been
made to secure them on a previous indebtedness, as well as for
subsequent advances.    The inference is not unreasonable, that the
note of $86.71, which was given by the debtor to the claimants
on the 17th of June, 1854, was for an indebtedness, in part at least,
at that time; but if not, the effect will be the same, if it was made
to obtain future advances.    Neither does it appear that there was
an indebtedness, at the time of the assignment, from the trustees to
the principal debtor.    There is nothing stated in the case showing
that such an indebtedness existed.    The case must be considered,
therefore, as if there was no existing claim due from the trustees
to the debtor at that time.    The question then arises, whether that
assignment gave to the claimants such a right to the money as it
fell due from the trustees to the principal debtor, for his subsequent
earnings, as will enable them to hold it, against an attachment by
this trustee process.    In the case of *Mahill* v. *Quinn and trustees*,

1 Gray 105, it was held that an assignment could not be made of future earnings, *"when they constituted a mere possibility coupled with no interest."* Such a state of things, it was held, existed, when the person making the assignment was under no subsisting engagement under which wages were to be earned, and when it depended altogether upon a future engagement whether anything would ever become due. But when the debtor is in the actual employment of another, and is receiving wages under a subsisting engagement, an assignment by him of his future earnings may be made, not only for the security and payment of a present indebtedness, but for such advances as he may find it necessary to obtain. This principle is fully established by the cases to which we were referred. *Weed* v. *Jewett,* 2 Met. 608 ; *Brackett* v. *Blake,* 7 Met. 335 ; *Emery* v. *Lawrence,* 8 Cush. 151 ; 2 Selden 187.

The debtor in this case, at the time of his assignment to the claimants, was in the actual employment of the trustees, under a subsisting contract, at a given price per day, and had in that manner labored for them for some two or three years previous ;—and though he had the right to leave their employment, and they had the right to discharge him, yet so long as that relation existed between them, we think, the authorities are satisfactory in holding that the claimants were entitled to receive, under that assignment, his accruing wages, in payment of the advances which they had made.

The judgment of the county court must be reversed, and the trustees discharged.