LEAHY *et al.*, Plaintiffs in Error, v. DUGDALE'S ADMINISTRATOR, Defendant in Error.

1. A contractor engaged in the performance of certain work may assign to another the money to be due to him on its performance.

*Error to St. Louis Circuit Court.*

Francis Dugdale contracted with the Central Plank Road Company to construct the eighteenth and nineteenth sections of said road. Dugdale afterwards entered into an agreement with Michael O'Leary and James B. Neenan, as subcontractors, for the construction of said sections. Said O'Leary and Neenan, after having performed about half of the work un-

der said agreement, assigned the same to Patrick Leahy and Peter Neenan; also the money and debts due from Dugdale arising out of the construction of said sections; also all benefit and advantage to which they were entitled or might arise out of their contract with Dugdale on the construction of said road. Said Leahy and Neenan completed the construction of said sections. Dugdale had notice of this assignment to Leahy and Neenan. After the receipt of such notice he acknowledged, as garnishee of O'Leary and Neenan, indebtedness to the latter in various sums amounting in the aggregate to $487.66, and paid the same to the creditors of said O'Leary and Neenan. The court instructed the jury that the plaintiffs were not entitled to recover.

*Voorhis & Davis*, for plaintiffs in error.

I. The action was properly brought in the names of the appellants. (Sess. Acts, 1849, p. 75; 20 Mo. 455; 21 Mo. 108; 18 Mo. 564.) The assignment to Leahy and Neenan passed all the interests, legal and equitable, under said contract of O'Leary and Neenan. (2 Sto. Eq. § 783; Adams Eq. 171; 3 Sand. Sup. 379; 20 Mo. 507; 1 Monr. 32; 2 Seld. 179; 5 Paige, 632.) It was not necessary to obtain the consent of Francis Dugdale to the assignment. (21 Eng. L. & Eq. R. 566; 3 Mass. 558; 2 Duer Ins. 57.) Dugdale had notice of the assignment before any garnishments were served upon him. (See 3 Foster, 245; 21 Mo. 138; 2 Seld. 179.) The work was completed by plaintiffs and the same accepted by the company, and Dugdale received payment for the same; he can not therefore, after having gathered the fruits of the labors of the plaintiffs, refuse to pay them. The assignment passed to the assignees all money due and to become due to the assignors.

*A. J. P. Garesché*, for defendant in error.

I. There was no privity of contract between plaintiffs and defendant. An executory contract can not be assigned by one party without the consent of the others.

Scott, Judge, delivered the opinion of the court.

There is no doubt of the correctness of the proposition that an executory contract is not assignable. (Robson v. Drummond, 2 B. & Ad. 303; Chitty on Contr. 739.) But we do not conceive that this principle has any application to the circumstances of this case. There are contracts in which one party contracts for the personal services of another for his skill, knowledge and experience. In such cases the services of the person undertaking to do the work are engaged and he can not perform it by another. But in most contracts for labor the work may be done as well by one as by another. In many instances the contract is such that the contractor must necessarily engage assistance as he may be unable to do all the work himself, and such is the expectation of the parties when they enter into the contract. The contract involved in this suit is one of this character. The plaintiffs did the work under those who contracted with Dugdale. The company for whom the work was done accepted it and paid Dugdale. It is too late now for Dugdale to say he did not recognize the plaintiffs as contracting with him. In accepting pay for the work done by them, he at least recognized them as the agents for those who were bound by the contract to do it. They, then, were entitled to their wages. Dugdale knew that the money he received had been assigned to the plaintiffs. But for their services, he would perhaps never have received it. When a contract is being performed, it is competent to him who contracts to perform it to assign the money to be due on its performance, and especially to those who are actually performing the contract. Dugdale is clearly liable to the plaintiffs for all the money due them which he paid away after notice of the assignment.

Reversed and remanded; the other judges concur.