## JULIUS HAWLEY vs. FREDERICK E. BRISTOL.

*A* contracted to build a house for *B*, to be paid for in instalments, the last payment of $625 to be made on the completion of the house. Before the house was completed *A* assigned to *C* the sum of $625 then due and thereafter to become due on the contract, of which *B* had due notice. At the date of the assignment only $50 of the last instalment had been earned; the balance was subsequently earned by the completion of the house. The plaintiff afterward brought suit against *A*, in which *B* was garnisheed, and recovered judgment. In scire facias against *B*, it was held that the assignment to *C* was valid, and that the plaintiff was not entitled to recover.

SCIRE FACIAS in foreign attachment; brought to the Superior Court, and reserved on facts found for advice. The facts are sufficiently stated in the opinion.

*Sanford*, for the plaintiff.

*Bullock*, for the defendant.

CARPENTER, J. The following are the material facts in this case:

Herbert & Doty contracted to build a house for the defendant, to be paid for in instalments, the last payment of $625 to be made on completion of the house. On the 12th day of November, 1870, and before the house was completed, they assigned and transferred to Elias Doty the sum of $625 then due and thereafter to become due on said contract, and thereby requested the defendant to pay said sum to the assignee. The defendant on the same day had notice of the assignment. Fifty dollars only of the last instalment had then been earned; the balance was subsequently earned. The house was completed in April, 1871. Subsequently the plaintiff, by process of foreign attachment brought against Herbert & Doty, factorized the defendant, and recovering judgment in that action, now claims, on a *scire facias* against the defendant, to recover of him the amount of that judgment. The assignment on its face purports to have been made for value received. No question was made in the Superior Court in respect to the consideration, or the good faith of the transac-

tion. No question of fraud or want of consideration there-
fore now arises in the case; but the naked question is whether
the assignment to Elias Doty was valid. We are satisfied
that it was, and that the plaintiff is not entitled to recover.

In Massachusetts the law seems to be well settled that
wages to be earned under an engagement existing at the time
of giving the order are assignable; but wages to be earned
under a contract subsequently to be entered into are not as-
signable. *Boylen* v. *Leonard*, 2 Allen, 407; *Mulhall* v.
*Quinn*, 1 Gray, 105; and many other cases that might be
cited. In New York also the doctrine that future debts, grow-
ing out of existing contracts, may be assigned, is recognized,
and no case is cited, and we are not aware that any exists,
establishing a different doctrine. Authorities are not want-
ing to show that courts of equity will, under certain circum-
stances, recognize and enforce assignments of wages to be
earned, where no contract exists. *Field* v. *The Mayor &c. of
New York*, 6 N. Y.; 179, and authorities there cited.

The interest of the assignors in this contract was not a
mere expectancy, but was a possibility coupled with an inter-
est. There was a subsisting contract, which gave to the
assignors a right to render the service which was to constitute
the consideration for the debt assigned. They therefore had
a present interest in the subject matter of the assignment,
which could not be defeated by any subsequent contingency.

Furthermore, they had actually earned a portion of the debt
assigned, although not payable until a then future time. It
is true there was a possibility that the balance of the debt
might never be earned, and even that the portion earned might
never become payable; but such a possibility merely will not
render the assignment invalid. If the debt had never in fact
been earned, the assignment would have been inoperative,
not because such a contingency was possible, but for the rea-
son that the indebtedness, upon which alone it could operate,
or was expected to operate, never existed.

We advise the Superior Court to render judgment for the
defendant.

In this opinion the other judges concurred.