MINOTT AUGUR *vs.* THE NEW YORK BELTING AND PACKING COMPANY.

An assignment of wages to be earned, made in good faith and for a valuable consideration, is valid.

And it makes no difference that the work is being done without any special contract as to time, but only upon an understanding that the employé should continue in the service of the employer as before, at the usual wages and in the ordinary course of employment.

SCIRE FACIAS, upon a process of foreign attachment; brought to the Court of Common Pleas of the county of Fairfield, and tried on the general issue, closed to the court, before *Brewster, J.* Judgment for the defendants, and motion for a new trial by the plaintiff. The case is sufficiently stated in the opinion.

*Sanford* and *J. A. Wilson,* in support of the motion.

*Sumner,* contra.

CARPENTER, J. On the 1st day of January, 1872, Matthew Colgan was in the employ of the defendants, under an implied agreement between them that such employment should continue. On that day, by a written order, accepted by the defendants, he assigned, in good faith and for a valuable consid-

eration, his earnings under the agreement for the four months then next following, to Carroll & Bolan. He continued in such service during the four months and received in full the consideration of the assignment.

In March following the plaintiff factorized Colgan's wages, and recovered judgment against him for thirty-one dollars and costs. He now seeks to recover the same of the defendants on a scire facias. The Court of Common Pleas rendered judgment for the defendants, and the plaintiff moved for a new trial.

The only question in the case we care to consider is, whether the assignment was valid. We are all of the opinion that it was. In *Hawley* v. *Bristol*, 39 Conn., 26, we held that wages to be earned under an existing contract may be assigned in the absence of fraud, and that such assignment is good at law as well as in equity. That case is decisive of this. In that case the contract of employment was express; in this it is implied. That was a contract to do certain work for a sum named; this is an agreement to work generally in the ordinary course of employment for an indefinite time. But these distinctions are immaterial, and do not affect the principle. The case of *Emery* v. *Lawrence & trustees*, 8 Cush., 151, is like the present case and sustains our position fully. Other cases might be cited, but it is unnecessary.

The decision of the court below in holding the assignment valid was correct, and a new trial is not advised.

In this opinion the other judges concurred.