KANE v. CLOUGH.

## Edward E. Kane and another v. James E. Clough and others.

*Assignment: Mere possibility: Future wages: Existing employment.* A mere possibility is not the subject of assignment; but the assignment of wages to be earned in the future under an existing employment is valid, the possibility of future earnings in such case being coupled with an interest.

*Assignment: Demands not in existence: Agreement: Remedy in equity.* An assignment of demands having no actual existence, though invalid at law, may be valid in equity as an agreement, and take effect as an assignment when the demands intended are subsequently brought into existence; and the assignee of future wages would have a right in equity, when the wages were earned, to protect his interest to the extent to which they were earned.

*Garnishee proceedings: Naked legal title: Equitable title in another.* The query is suggested, whether under the garnishee laws it was the intention to permit the creditor to reach demands to which the debtor had no equitable right, though retaining the legal title.

*Employment: Future wages: Piecework: Assignment: Wages earned in continuous employment.* The fact that the employment the future wages of which were assigned was piecework, it being at the time the expectation of all parties concerned that the employment would be continuous, would not detract from the validity of the assignment, at least so far as concerns wages afterwards actually earned by the continuation of such employment.

*Submitted on briefs April 18. Decided April 24.*

Error to Wayne Circuit.

*Edward E. Kane,* in person, for plaintiffs in error.

The assignment by the principal defendant to his mother did not pass to the latter the title to any of his earnings which accrued subsequent to its date. Defendant at its date was not, in the correct legal meaning of the term, in the employ of the garnishees; he was engaged in an independent vocation of his own, tuning reed organs, for which he was paid by the piece, and which he carried on at some place apart from the factory of the garnishees; he worked when and as much or as little as he pleased, and his time was his own, and not the company's. But the naked fact of employment, at most, is all there is in the case; there was no actual existing contract or engagement between the parties in reference to it. The employment was terminable at the pleasure of either party to it. There was then no certainty, but only a mere chance or possibility that wages would be earned after the

assignment. Thereafter accruing wages had no potential existence; by which is meant an existence within and through some other property of the assignor, from which in due course of nature they would be evolved: *Benjamin on Sales*, § *78; Low v. Pew, 108 Mass., 350; Van Hoozer v. Corey, 34 Barb., 12.* The assignor had no right *in esse* to the work which the employers might possibly give him, out of which the wages earned after the assignment grew. The assignment was intended in fact to be a transfer of a mere possibility or contingency, not coupled with an interest, nor growing out of property. Such assignments pass to the assignee no title to the subject matter: *Jones v. Roe, 3 Durn. & E., 93: Shepard's Touchstone, 331; Bell v. Hogan, 1 Stew. (Ala.), 542; 2 Kent Com., 468, and note e; Low v. Pew, supra; Vasse v. Comegys, 4 Wash., 573.* Where at the date of the assignment there is no contract existing with reference to the employment or services under which a subsequent indebtedness is likely to accrue, moneys subsequently earned do not pass to the assignee: *Mulhall v. Quinn, 1 Gray, 107; Brackett v. Blake, 7 Metc., 339; Cutt's Admr. v. Perkins, 12 Mass., 212; Farnsworth v. Jackson, 32 Me., 423; Hartley v. Tapley, 2 Gray, 566; Stewart v. Kirkland, 19 Ala., 163.* The following cases decide that such an assignment as the one under consideration here would not at law pass the title to money subsequently earned, but that it would be enforceable in equity after the accruing of the earnings: *Stover v. Eychschimer, 3 Keyes, 622; Field v. Mayor of N. Y., 2 Seld., 186; Mitchell v. Winslow, 2 Story, 638.* The following are exactly in point and sustain our position: *Purcell's Admr. v. Mather, 35 Ala., 573; Munsell v. Lewis, 5 Hill, 639, S. C., 2 Denio, 226; Robinson v. McDonnell, 5 M. & S., 236; Mulhall v. Quinn, and Farnsworth v. Jackson, supra.*

*A. H. Wilkinson* and *Hoyt Post*, for defendants in error.

The only real question to be considered is the one raised by the fourth assignment of error. This question is, whether one under employment to do piecework, but for no definite term of service, can by instrument in writing assign his wages thereafter to be earned so as to vest the title to such future earnings in the assignee, and put them beyond the reach of the assignor's creditors through garnishee process. Though it is held a person unemployed and under no contract cannot assign his future earnings: *Mulhall v. Quinn, 1 Gray, 105;* yet one under a present contract to perform services, though the contract be indefinite as to time and amount, may assign his future earnings under such contract: *Brackett v. Blake, 7 Met.,*

KANE v. CLOUGH.

*335;   Weed v. Jewett, 2 Met., 608;   Emery v. Lawrence, 8 Cush.,*
*151;   Hartley v. Tapley, 2 Gray, 565;   Taylor v. Lynch, 5 Gray,*
*49;   Lannan v. Smith, 7 Gray, 150;   Wallace v. Walter Heywood*
*Chair Co., 16 Gray, 209;   Baylen v. Leonard, 2 Allen, 407;   Dar-*
*ling v. Andrews, 9 Allen, 106;   State Bank v. Hastings, 15 Wis.,*
*75;   Thayer v. Kelley, 28 Vt., 19;   Augur v. N. Y. Belting &*
*Packing Co., 39 Conn., 536;   Garland v. Harrington, 51 N. H.,*
*409.*

The case in *7 Met.* was that of a city officer chosen for a
year, but subject to removal at the will of the mayor and
aldermen.

In *2 Gray*, the wages assigned were those of a workman
who was paid by the piece.

In *5 Gray*, in *7 Gray*, and in *51 N. H.*, the employment was
by the day, for no stipulated period.

In *16 Gray*, the assignment was held to cover wages earned
under a new engagement, at a lower rate, entered into imme-
diately after the expiration of the first.

In *2 Allen*, the employment was for an indefinite time, and
the assignment was held to have transferred future earnings,
though the rate of wages had in the meantime been increased.

The case in *15 Wis.* was that of a judge's salary.

The employment in *28 Vt.* was by the day, for no stipula-
ted period, and was determinable at any time by either party.

In *39 Conn.*, the contract of employment was an implied
one, to do work generally, for an indefinite time.

The interest of the assignor in such cases is held to be, not
a mere expectancy, but a possibility coupled with an interest.

No formal acceptance or assent by the employer is required,
but it is enough if he have notice of the assignment: *51 N.
H., 409.*

COOLEY, CH. J:

This is a suit by garnishee process to recover of defend-
ants a sum owing by them to one Tucker, of whom the
plaintiffs are judgment creditors.    The garnishee process
was served December 9, 1875.    On the 16th of October,
1874, Tucker was employed by the defendants doing piece-
work in the manufacture of organs, but without any definite
contract for the continuance of the employment.    Being
then indebted to his mother for money loaned, he executed
to her an assignment of all the wages that might thereafter

become due to him from the defendants. Between that date and December 9th following, sixty-five dollars and fifty cents had become due to him, which was less than he was then owing to his mother. It is this sum which is now in dispute; the plaintiffs claiming that the assignment could not reach it, because the moneys were not earned when the assignment was made, and there was no subsisting contract under which they were to be earned.

It has often been decided that a mere possibility is not the subject of assignment. A contingent claim against a foreign country to damages to be recovered by treaty is an illustration.—*Vasse v. Comegys, 4 Wash. C. C., 570.* A sale of fish thereafter to be caught passes no title when they are caught.—*Low v. Pew, 108 Mass., 347.* The same is held of a sale of sums to be earned by a physician in specified future years.—*Skipper v. Stokes, 42 Ala., 255;* and see *Purcell v. Mather, 35 Ala., 570.* In Massachusetts an assignment of future services, there being no existing contract of service, has been held invalid; but cases are cited in the same state which hold that if the assignor is at the time under a contract of service, it is maintainable.—*Mulhall v. Quinn, 1 Gray, 105;* see also *Hartley v. Tapley, 2 Gray, 565.* An officer may assign his salary, though removable at any time.—*Brackett v. Blake, 7 Met., 335.* In Pennsylvania an assignment which professes to transfer a debt to arise for wages not yet earned, against any one by whom the assignor may thereafter be employed, is held to be ineffectual even after the wages are earned.—*Jermyn v. Moffitt, 75 Penn. St., 399.* In New Hampshire it is decided that wages to become due may be effectually assigned, provided there is at the time an existing contract under which they are to be earned.—*Garland v. Harrington, 51 N. H., 409.* The like conclusion is reached in Connecticut.—*Hawley v. Bristol, 39 Conn., 26; Augur v. N. Y., etc., Co., 39 Conn., 536.* The distinction between the cases in which the wages are not earned under a contract existing at the time of the assignment and those in which

KANE v. CLOUGH.

they are, is said to be that "in the former the future earn-
ings are a mere possibility, coupled with no interest, while
in ·the latter the possibility of future earnings is coupled
with an interest, and the right to them, though contingent
and liable to be defeated, is a vested right."—*Low v. Pew,
108 Mass., 347, 350.*

But an assignment of demands having no actual exist-
ence, though invalid at law, may be valid in equity as an
agreement, and take effect as an assignment when the de-
mands intended are subsequently brought into existence.—
*Field v. New York, 6 N. Y., 179; Mitchell v. Winslow,
2 Story C. C., 630, 638.* And in this case the assignee
would have had a plain right, we think, to protect her
interest under the assignment to the extent to which the
wages were earned, if the sum had been sufficient to give
the court of chancery jurisdiction. And it is worthy of
consideration whether, under the garnishee laws, it was the
intention to permit the creditor to reach demands to which
the debtor had no equitable right, even though his legal
title had not been parted with, or to force the equitable
owner into a suit in equity for the protection of his rights.

But we are inclined to think this case ought not to be
distinguished from those in which the wages were earned
under a continuous contract. The defendant was employed
at the time the assignment was made. It is true he might
never have received more work, but the expectation of con-
tinuous work existed on the part of employer and employed.
The proposed transfer had reference to wages to be earned
in an existing employment, and in this it differed from that
in *Mulhall v. Quinn, supra,* where the defendant only per-
formed jobs occasionally. It differs still more decidedly
from those cases in which no particular employment was in
view in making the assignment. We do not see why a con-
tinuous employment at piecework should differ from any
other continuous employment, if in the latter the right to
discharge at will exists. The substantial difference in the
two cases is not in the continuance of employment or in

the expectation thereof, but in the manner of determining the compensation. Future wages no more exist potentially in the one case than in the other.

The judgment must be affirmed, with costs.

The other Justices concurred.