Harrop *v.* Landers, Frary & Clark Co.

———— •◆• ————

JOHN HARROP *vs.* THE LANDERS, FRARY & CLARK COMPANY.

*W* went into the employment of the defendants under an arrangement by which he was to commence working for them, and to work whenever they had work for him, of which they were to give him notice, but nothing was agreed as to the length of time that he should continue in their employment. Before commencing work he assigned to *A*, by an order on the defendants, all money to become due to him while in their employ. This order was accepted by the defendants and put on record as required by the statute. Afterwards, and while *W* was in the defendants' employment, they were factorized as his debtors by one of his creditors. Held that the wages earned up to the time of the attachment could be held by *A* under the assignment.

SCIRE FACIAS upon a foreign attachment; brought to the Court of Common Pleas, by appeal from a justice of the peace, and tried to the court before *De Forest, J.* The following facts were found by the court:

In February, 1877, George Whitely, the defendant in the factorizing suit, had gone into the employment of the

defendants, a manufacturing company doing business at New Britain. He had no personal interview with them in regard to his employment, but his brother, Henry Whitely, had previously been sent for by the defendants, and asked by them if George had employment, and upon being informed that he had not, they told him that they would give him work along as they had it, that the work would not be steady, and would be paid for by the piece, and that some of the work was ready then. Henry communicated these facts to George, who thereupon began work, and has continued ever since in the employ of the company when they had work for him, and was in their employ at the time of the bringing of the factorizing suit, they notifying him from time to time when work was ready for him. There was no contract, either express or implied, between the defendants and George Whitely for his continuing in their employment for any definite time.

At the time of the service of the factorizing suit upon the defendants there was in their hands the sum of $20.30 which had been earned by George Whitely by work done by him for them.

Before commencing work George Whitely made the following assignment of his earnings to his brother, Henry Whitely:

"New Britain, Conn., Feb. 10th, 1877. To Landers, Frary & Clark: Please pay all money due me and to become due me while in your employ to Henry Whitely. Yours, truly,

GEORGE WHITELY."

This order was accepted by the defendants, and recorded in the office of the town clerk in accordance with the statute.

Upon these facts the court rendered judgment for the plaintiff, and the defendants brought the record before this court by a motion in error.

*A. B. Beers*, for the plaintiffs in error.

*J. C. Chamberlain*, for the defendant in error.

PARK, C. J. This case cannot be distinguished in principle from that of *Augur* v. *The New York Belting & Packing Co.*, 39 Conn., 536. In that case the assignor was at work under

no special contract with his employer at the time the assignment was made, nor under any agreement as to any particular length of time. He was at work under an implied agreement that his employment should continue as it had done previously, and upon the same terms.

Here there was an agreement between Whitely, the assignor, and the defendants, when the assignment was made, which was that he should then commence work for the defendants, and should continue to work for them as they should have work for him to do. The contract was made with Whitely through his brother, but that can make no difference, inasmuch as the brother acted as agent for both parties. Nor can it make any difference that Whitely was not to be constantly employed. He was told at the time that the work would not occupy all his time, but he should have what work there was to be done. No new contract was made after each suspension of work for the next working period, but all the work was done under the original contract. No claim is made that the assignment was not entered into in good faith by the parties, and we think therefore that it was valid.

There is manifest error in the judgment complained of.

In this opinion the other judges concurred.