PATRICK TIERNAY *vs.* THOMAS McGARITY.

14   231
14   530
15   371

14   221
18    94
18,  433

14   231
20   415
20   464
20   515

An assignment in good faith of wages to be earned under an existing contract is valid against a garnishment subsequent in time, provided the garnishee have such notice of the assignment as will enable him to disclose it in his affidavit and thus avoid being charged. Notice to the garnished debtor is necessary only for his protection.

EXCEPTIONS to the Court of Common Pleas.

*July* 14, 1883. MATTESON, J. This is an exception by the defendant to the ruling of the Court of Common Pleas denying his motion to discharge the garnishee.

The answer of the garnishee sets forth that at the time of the service of the writ upon it, namely, August 30, 1882, at two o'clock and thirty minutes in the afternoon, it had in its possession $38.03 of the personal estate of the defendant, money due for wages earned. That subsequently it received notice of an assignment of these wages made sometime previously. That it had always paid to the defendant the wages he had earned up to the time of the attachment.

At the hearing in the court below, P. & T. Giblin, grocers, claimed the wages under the assignment referred to in the garnishee's answer, which was an assignment to them from the defendant dated November, 1881. They offered to prove that the defendant, both before and since the assignment, had been continuously indebted to them for the necessaries of life. They further offered to prove, in explanation of their not having presented the assignment to the garnishee prior to the attachment, that the garnishee charged its employees three per cent. of their wages per month for accepting and agreeing to pay under an assignment.

The bill of exceptions is not very explicit. We infer from it that the court below declined to permit proof of the matters offered, which tended to show that the assignment was made in good faith, because, assuming it to have been so made, the court was of the opinion that it was nevertheless invalid as against the garnishment, inasmuch as it was an assignment of wages to be earned, and no notice of it was given to the employer prior to the garnishment.

It has been repeatedly held that wages to be earned under an

existing engagement may be assigned.    Drake on Attachment, § 612, and cases cited.  See, also, *Conway* v. *Cutting*, 51 N. H. 407–409 ; *Garland* v. *Harrington*, 51 N. H. 409, 414, 415 ; *Hawley* v. *Bristol*, 39 Conn. 26, 27 ; *Augur* v. *N. York Belting & Packing Co.* 39 Conn. 536, 537 ; *Thayer* v. *Kelley*, 28 Vt. 19 ; *Leahy* v. *Dugdale's Adm'r*, 27 Mo. 437.    Such an assignment is the transfer of an expectation of money to be received founded on a right *in esse*, and not an attempt to transfer a mere possibility or contingency which is not capable of assignment.    2 Kent Comment. *468 [641 note (a) 10th edition].

The subject of notice to the debtor in case of the assignment of a debt already due was considered by this court in *Noble* v. *Smith*, 6 R. I. 446–449.    The plaintiff and defendant in that suit as well as the assignee were residents of the State of New York, and the trust of the assignment was to be executed there.    It was held, in accordance with the rule in that State, that notice of the assignment to the garnishee, in season to enable him to disclose it in his answer and thereby avoid being charged, was all that was required to uphold the assignment against the garnishment, notice to the debtor being necessary only 'for his protection.    Subsequently the same rule was adopted as the law of this State. *Northam* v. *Cartwright*, 10 R. I. 19, 21 ; *Tracey* v. *McGarty*, 12 R. I. 168, 169.    No reason suggests itself why a different rule should be applied to a debt which is to become due under an existing contract from that which has been adopted in regard to a debt already due.

Notice of the assignment having been given to the garnishee in season to enable it to protect itself by disclosing the assignment in its answer, we think that the assignment, if made *bonâ fide*, was valid as against the garnishment.

*Exceptions sustained.*

*Jacob W. Mathewson*, for plaintiff.
*Hugh J. Carroll*, for defendant and garnishee.