HORACE C. METCALF, Appellee, v. J. M. KINCAID, Appellee; UNION PACIFIC RAILWAY COMPANY, Garnishee, Appellant.

1. **Assignment of Wages**: SUFFICIENCY OF WRITING: INTENTION. Where an employee of a railroad company addressed a letter to one as auditor, without naming the company for which he was auditor, and requested him to pay his salary for the month just past, and for the next six months to come, to one B., on account of his indebtedness to B., and the company recognized this as an assignment of the employee's wages to B., and had paid his wages to B. for several months, when it was garnished as the debtor of the assignor, *held*, that though the writing was informal as an assignment, yet, having been intended, accepted and acted upon as an assignment of the assignor's wages to B., it was effectual for that purpose.

2. ———: VALIDITY AS TO WAGES YET TO BE EARNED. An assignment of wages yet to be earned is good as against the claims of attaching creditors, if accepted, and if, at the time it is made, there is an existing engagement or employment by virtue of which wages are being, and in the future may reasonably be expected to be, earned, even though there is no contract or fixed time of employment.

*Appeal from Superior Court of Council Bluffs.*—HON. J. E. F. McGEE, Judge.

MONDAY, JANUARY 30, 1893.

PROCEEDING to hold the Union Pacific Railroad Company as garnishee. There was a judgment against the garnishee, from which it appeals.—*Reversed.*

*Wright & Baldwin,* for appellant.

*Wheeler & West,* for appellee.

KINNE, J.—The plaintiff, on December 31, 1889, brought his action against the defendant Kincaid before a justice of the peace, in which action a writ of attachment was issued, under which the railway company was garnished. Notice of garnishment was served on the company December 31, 1889. Thereafter the company answered that prior to the garnishment, and on October 29, 1889, it accepted the following assignment:

"OMAHA, October 29, 1889.
*"Mr. E. Young, Auditor.*

"DEAR SIR:—Please pay to Mr. J. J. Burns, Denver, Colorado, my salary as foreman oil house at Omaha, during the months of October, November, and December, 1889, and January, February, March, and April, 1890, account of my indebtedness to Mr. Burns in the sum of five hundred dollars ($500.00).

"Yours, truly,
"J. W. KINCAID."

That Burns claimed and owned all the wages earned by Kincaid as employee of said company according to the tenor of said assignment; that ever since its date the garnishee had paid the wages earned for the months stated in said order to Burns, and on January 3, 1890, paid Burns, under said order, the wages earned by Kincaid. The justice entered judgment against the garnishee on its answers for fifty-eight dollars and fifty-five cents. The garnishee sued out a writ of error to the superior court of the city of

Council Bluffs, and the superior court affirmed the finding of the justice.

At the proper time the garnishee caused a certificate to be executed and filed by the judge of said court certifying certain questions of law to this court for its determination. We need not set out the certificate. Objection is made thereto, but we think it sufficiently indicates the questions presented for our consideration. They involve: *First*, the right of a person in the employ of another to assign future earnings, in the absence of a contract under which the wages are to be earned, so as to vest in the assignee all the right, title, and interest of the assignee to the same. *Second*, whether, in case an existing contract is necessary to the validity of the assignment, there is any presumption that the defendant was working under such a contract, or must the contract be pleaded and proved? *Third*, does the instrument set out in law amount to an assignment, so as to vest in Burns the wages earned by Kincaid, to the exclusion of the attaching creditors?

I. The last question is first argued by counsel. It is insisted by the plaintiff that, as the order was

1. ASSIGNMENT of wages: sufficiency of writing: intention.

addressed to "E. Young, Auditor," it would not bind the railway company, and that an acceptance of it by the garnishee would not, at least as against the plaintiff, bind the company. True, the order is not directed to the railway company, nor, on its face, to Young as an official of the company; but it has often been held that no particular form of words need be used to constitute an assignment of a debt. All that is necessary is that the intent to effectuate an assignment shall clearly appear. That intent may appear from the writing itself, or it may be shown otherwise. *Moore v. Lowrey*, 25 Iowa, 338; *McWilliams v. Webb*, 32 Iowa, 577; 1 Am. and Eng. Encyclopedia of Law, 834; Drake on Attachments, section 526. As has been

said: "When the appropriation of the property is made by the assignor and accepted by the assignee, the particular form in which the thing is done is of little moment, and the assignment will be sustained." *Id.*, section 526. Now, it is clear from the assignment itself, and from the further fact that it has been accepted and in part acted upon, and the assignee has received in part the benefits sought to be conferred by the assignment, that the intention was to assign certain future earnings of Kincaid, which were to accrue from the railroad company to Burns. That all the parties so understood it, is apparent from the fact that all of them have treated the order as directed in fact to the railroad company through its proper official. The fact that the order is informally drawn is of no importance in view of the effect given it by the parties and their manifest intent. The law is well settled that the plaintiff can occupy no better position with respect to the fund in controversy than could the defendant. Could the defendant, after signing such an order, and after its acceptance by the real party to whom he intended to direct it, successfully maintain an action against the company, who had acted upon it, and paid out money on the faith of it? Surely not. The garnishee can not, because of his garnishment, be placed in any more favorable or unfavorable position than he would be in if the defendant was seeking to enforce his claim. *Smith v. Clarke*, 9 Iowa, 241; *Fifield v. Wood, Id.* 249; *Huntington v. Risdon*, 43 Iowa, 517; *Victor v. Hartford Insurance Co.*, 33 Iowa, 210; *Cox v. Russell*, 44 Iowa, 556. Even a bill which has been accepted is good against the acceptor though there was no drawee named therein. Daniel on Negotiable Instruments, section 97. If, then, Kincaid's wages were in law assignable,—a question hereafter considered,—the order, having been intended to assign them to Burns, and

having been accepted and acted upon, is, though informal, effectual as an assignment.

II.    The first question certified, in substance, is whether one can assign his future earnings so as to vest 2. ——: validity as to wages yet to be earned. the same in his assignee, free from the claims of attaching creditors; and if so, can a valid assignment be made of wages in the absence of a contract under which the wages are to be earned? A great many cases have been decided touching this question. We shall refer to a few of them to show that the conclusion we have reached finds abundant support.

It has been held that a school teacher who was indebted to another had the legal right to make an assignment of his wages to accrue under his contract with the district, and when he drew an order on the district treasurer in favor of his creditor, which was accepted by the proper officers of the district, conditioned on his completing his contract, and the creditor authorized the district secretary to draw the money for him, which he did before he was garnished, that the fund was not subject to garnishment by creditors of the teacher. *Johnson v. Pace*, 78 Ill. 143; *Ruple v. Bindley*, 91 Pa. St. 296. So it has often been held that when one assigns wages to be earned under an engagement then existing, and when he was actually at work thereunder, at a fixed price, payable at a certain time, though no contract of employment existed for any stipulated time, yet such an assignment, if accepted, would be good as against a garnishment by creditors of the assignor. *Taylor v. Lynch*, 5 Gray, 49; *Lannan v. Smith*, 7 Gray, 150; *Hartley v. Tapley*, 2 Gray, 566; *Weed v. Jewett*, 7 Metc. (Mass.) 608; *Brackett v. Blake*, *Id.* 335; *Emery v. Lawrence*, 8 Cush. 152; *Thayer v. Kelley*, 28 Vt. 19; *Augur v. Packing Co.*, 39 Conn. 536; *Garland v. Harrington*, 51 N. H. 409; *Wallace v. Chair Co.*, 16 Gray, 209; 3 Pom. Eq. Jur., section 1286; Drake, Attachm., section 612; 1 Am. and Eng. Encyclo-

pedia of Law, p. 828. And it has been held that such an assignment is good in the absence of an express contract fixing a time of employment, as where the assignor, when he executed the assignment, was employed at piece work or by the day. *Lannan v. Smith*, 7 Gray, 150; *Kane v. Clough*, 36 Mich. 436.

It is equally well settled that an assignment of wages expected to be earned in the future, and not based upon an existing contract, engagement, or employment, is void. *Mulhall v. Quinn*, 1 Gray, 105; *Jermyn v. Moffitt*, 75 Pa. St. 402; *Rupel v. Bindley*, 91 Pa. St. 296; *Morrill v. Noyes*, 56 Me. 458; *Runnells v. Bosquet*, 60 N. H. 38; *Lehigh Valley Railroad Co., v. Woodring*, 116 Pa. St. 513; 9 Atl. Rep. 58. The distinction between the two classes of cases is this: In the one, an attempt is made to assign something which exists in expectancy only. In such a case it is apparent that there is nothing to assign. The expectancy may never become a reality. The earning of wages or the accumulation of property in such a case will depend on the ability of the assignor to procure employment in the future. There is no present employment which may reasonably be expected to result in the earning of wages. In the other class of cases, one has entered into a contract or upon an employment whereby, in the ordinary course of events, wages will be earned or property acquired as the direct result of the contract, employment, or engagement. The true rule is that an assignment of wages to be earned is good if accepted, and if at the time it is made there is an existing engagement or employment by virtue of which wages are being, and in future may reasonably be expected to be, earned, even though there is no contract or fixed time of employment. And in the case of a contract for work or labor an assignment of the fruits of it may be good though the labor to be performed under it has not yet been commenced.

The first and third questions, then, must be answered in the affirmative; and as we hold that the existence of a contract is not necessary if the assignment is based on wages to be earned in an existing employment, we need not consider the second question.    REVERSED.