| 55 | 337 |
| 55 | 360 |

## CITY OF OMAHA V. STANDARD OIL COMPANY.

FILED JUNE 9, 1898.   No. 8105.

Municipal Corporations: ASSIGNABILITY OF CONTRACT FOR LIGHTING STREETS. A contract with a municipal corporation for lighting its streets, containing a stipulation that the contractor shall not assign such contract without first obtaining the consent of the city indorsed thereon in writing, is not assignable, either in whole or in part; and moneys due or to become due thereunder, whether payable as an entirety or in installments, cannot be assigned without first obtaining such written consent.

ERROR from the district court of Douglas county. Tried below before AMBROSE, J. *Reversed.*

*E. J. Cornish*, for plaintiff in error.

*Hall, McCulloch & Clarkson, contra.*

SULLIVAN, J.

On January 29, 1892, the Metropolitan Street-Lighting Company, hereafter called the lighting company, entered

into a written contract with the city of Omaha to light certain of its streets with gasoline lamps for the period of two years. The consideration was to be paid in monthly installments. The Standard Oil Company, the plaintiff herein, furnished the necessary oil, and, at one time, loaned a considerable sum of money to the lighting company to enable it to carry out its contract with the city; and to secure an indebtedness thus incurred the lighting company, on the 14th day of October, 1892, assigned to the plaintiff the money due under the contract for that month. Subsequently the lighting company made another assignment of a portion of the same fund to some of its laborers in payment of wages; and the city authorities, claiming to have no notice of the first assignment, paid the amounts called for by the second. The plaintiff then commenced this action, which resulted in a finding and judgment against the city for the whole amount due the lighting company under the contract for the month of October. The city prosecutes error to this court and urges a reversal of the judgment on various grounds, only one of which we find it necessary to consider.

It may be conceded that, while a contract right to render personal services cannot be assigned without the consent of the person to whom the services are due, the right to receive pay for such services when rendered stands upon a different ground and is assignable in the absence of a statute or stipulation in the contract forbidding it. The authorities, we believe, are in entire accord upon this proposition. (Clark, Contracts 531; 3 Pomeroy, Equity Jurisprudence [1st ed.] sec. 1280; 2 Am. & Eng. Ency. Law [2d ed.] 1027; *Ryan v. Douglas County,* 47 Neb. 9; *Perkins v. Butler County,* 44 Neb. 110.) And the validity of such an assignment, it seems, does not at all depend upon the money being presently due and payable. If the fund has a potential existence—that is, if it will become due in the future under the terms of a contract already made—the assignment vests an

equitable title thereto in the assignee subject to all prior charges. (*Brill v. Tuttle*, 81 N. Y. 454; *Leahy v. Dugdale*, 27 Mo. 437; *Brown v. Dunn*, 50 N. J. Law 111; *Hawley v. Bristol*, 39 Conn. 26; *Devlin v. Mayor*, 63 N. Y. 8; *Cutts v. Perkins*, 12 Mass. 206.) So the assignment of the October installment was valid and the plaintiff acquired an equitable property therein, unless the right to assign was prohibited by the contract itself, which contained the following provision: "It is further agreed between the parties hereto that the party of the second part shall not assign this contract without first obtaining the consent of the first party indorsed hereon in writing." Counsel for the plaintiff insist that this stipulation was directed against the assignment of the obligation resting on the lighting company to perform the work required by the contract, and was not intended to prevent an assignment of the money to be earned thereunder. That view was accepted by the trial court, but we think it is not warranted by a just interpretation of the language employed. The inhibition, it will be noticed, is not alone upon the assignment of the obligation to light the streets, but upon the assignment of the contract. What was the contract between the parties? Certainly one of its important elements was the duty laid upon the city to make monthly payments to the lighting company for the services rendered, and another was the correlative right of the company to receive such payments. The assignment of the October installment, if valid, not only transferred to the plaintiff a right secured to the lighting company by the contract, but affected, as well, an important obligation on the part of the city. It compelled the city to deal with strangers and to determine at its peril which of the contesting claimants was entitled to the fund. This may have been one of the very contingencies contemplated by the city and against which it sought to provide by making the contract non-assignable. Another object in view might have been to prevent the company from losing interest in the performance of the contract

by divesting itself of all beneficial interests therein. But it is needless for us to speculate on the motives for the city's action. It is enough for us to know—whatever its reasons may have been—that it has, in plain language, stipulated against an assignment of the contract. That stipulation is valid and must be enforced. To hold that it covers some, but not all, of the rights and obligations arising out of the contract would be, it seems to us, an inexcusable perversion of its terms. In the case of *Burck v. Taylor*, 152 U. S. 634, where a contract with the state, for the erection of a public building, was made non-assignable by express stipulation, it was held that an attempted transfer of an interest in such contract, without the state's consent, was ineffectual, except, perhaps, to give the assignee a right of action against the contractor for a share of the profits. In the course of the opinion delivered by Brewer, J., it is said: "It is unnecessary to hold that the contractor might not be personally bound upon his promise made before the performance of the contract to transfer a portion of his profits to any third party. Whatever liabilities he might assume by such a promise, it would be an independent promise on his part, and would not let the promisee into an interest in the contract. It would give him no right to take part in the work, no right to receive anything from the state, and all that it would give him would be an independent right of action against the contractor for the failure to pay that which he had promised to pay; the contract remaining all the time the property of the contractor, subject to disposal by and with the consent of the state. To him alone the state would remain under obligations, and with him alone would the state be required to deal. In no way, by garnishment, injunction, or otherwise, could the promisee prevent the state from carrying out the entire contract with the contractor, paying to him the whole consideration, and receiving from him a full release." Counsel have referred us to no case, and we have found none, in which it has been held that an express

stipulation against the assignment of a contract, like the one here in question, should be construed as forbidding a transfer of the burdens imposed but not of the accruing benefits. In *Bank of Harlem v. City of Bayonne*, 48 N. J. Eq. 246, 21 Atl. Rep. 478, it was decided that an assignment of money coming due under a sewer contract with a city was valid, although the parties had made the following stipulation: "And the party of the second part further agrees that he will give his personal attention constantly to the faithful performance of said work, and that he will not assign nor sublet the same, but will keep the same under his control." That case, we think, is not an authority for plaintiff's contention because the language used clearly limits the prohibition to an assignment of the work and does not touch the contract as an entirety.

Our conclusion is that the attempted assignment to the plaintiff vested in it no right of action against the city. The judgment is, therefore,

REVERSED.