Thomson, P. J.
On the 21st day of September, 1899, W. B. Kidwell recovered a judgment before a justice of the peace of Pueblo county against John McCarney for $20.00 and costs. On the 25th day of April, 1900, a writ of garnishment was issued on the judgment, and The Colorado Fuel and Iron Company summoned as garnishee. The company answered, denying that at the time of the service of the writ it was indebted to McCarney in any sum. Kidwell traversed the answer, alleging, on information and belief, that the company was indebted to McCarney in some sum, the amount of which was unknown to him. The judgment of the justice was against the garnishee, and an appeal by the latter to the county court resulted in the same judgment.
*10 The evidence disclosed that McCarney was in the employ of the Fuel and Iron Company; and that on the 27th day of October, 1899, he executed and delivered to The Colorado Supply Company, a mercantile institution doing business in Pueblo, a written assignment of his earnings, as follows:
“For value received I do hereby assign and transfer to The Colorado Supply Company, so much of any moneys which I may earn or be entitled to from The Colorado Fuel and Iron Company during the time I shall remain in the employ of said last named company, as will be sufficient to cover all moneys now due by me to said Supply Company, or which may hereafter become due from month to month for goods which may be sold and delivered to me by said Supply Company during each current month, and the said Supply Company shall be entitled to full payment from time to time from any and all moneys which may become due to me, before I shall be entitled to the payment of the remainder, and to the extent of the moneys so due and to become due to me from time to time as aforesaid, the said The Colorado Fuel and Iron Company shall be authorized to make payments of said amounts to said Supply Company.
John McCarney.”
The Fuel and Iron Company was duly notified of the assignment.
The following facts further appeared: Me-. Carney purchased all, or nearly all, of his supplies from the Supply Company. After the assignment it sold him goods every month, and received its pay from the Fuel and Iron Company. The earnings of McCarney for any one month were due and payable on the 28th day of the following month. Ffis earnings ■for March, 1900, amounted to $90.90, and for April, 1900, $90.23; and his indebtedness to the Supply *11 Company for goods purchased in March was $130.10, and for goods purchased in April, $95.75. The-facts were not in dispute.
If the assignment was valid, the Fuel and Iron Company owed McCarney nothing when the writ of garnishment was served. In fact, McCarney’s purchases during March and April were considerably in excess of his earnings for the same period. But it is contended that the assignment was void as against McCarney’s creditors, for the reasons, first, that no indebtedness from McCarney to the Supply Company existed a.t the time of the assignment, and that the assignment was supported by no consideration then paid; second, that no definite time was fixed for the operation of the assignment, and no definite amount covered by it; third, that there was no acceptance by the Fuel and Iron Company which bound it to the assignee; and, fourth, that the assignment was made for the purpose of delaying Kidwell in the collection of his judgment.
Respecting the last ground, it is sufficient to say that there was no evidence whatever to- support it. Indeed, it is a legitimate inference from the evidence that the assignment was made in entire good faith. We shall therefore limit our inquiry to the merits of the other grounds.
I. Whether McCarney owed the Supply Company anything at the time of the assignment does not directly appear. The instrument recites as its consideration, “value received,” and expressly transfers sufficient of the earnings “to cover all moneys now due by me to said Supply Company. ’ ’ According to those recitals there was an indebtedness existing at the time of the assignment, and a consideration then passed; and the burden was upon Kidwell to prove the contrary. But, aside from the foregoing, there was an independent legal and valid consideration, *12 namely, the extension of credit by the Supply Company to McCarney. By such extension McCarney was enabled to obtain necessary supplies without being compelled to pay for them as he purchased them. This extension of credit was a valuable consideration within every definition of the term.
II. It is well settled that a person in the employ of another may make a valid assignment of wages to be earned during the existence of the employment; and the assignee will take precedence of subsequent attaching creditors. — Drake on Attachment, § 612; 2 Wade on Attachment, § 470; 2 Am. & Eng. Enc. Law (2d ed.), 1031.
Where the term of the employment is indefinite and uncertain, and the consideration of the assignment is the furnishing of such necessaries as the assignor may require during the employment, it is manifest that, in the nature of the case, the assignment cannot be, either as to time or amount, other than indefinite; but the intention of the parties may nevertheless be clearly and explicitly expressed, leaving their rights under the instrument entirely free from doubt. Why an assignment of wages to1 be earned during an employment of uncertain duration, in consideration of a, credit for such articles as the assignor may require from month to month, is not as valid and binding as an assignment of wages for a fixed period in consideration of a specified amount, we are unable to perceive. We know of nothing in the law of contracts which furnishes a reason for the attempted distinction; and counsel has supplied us with none, nor has he referred us to any authority which does. But there is direct authority that neither as to time or amount is certainty necessary. — Emery v. Lawrence, 8 Cush. 151; Thayer v. Kelley, 28 Vt. 19; Boylen v. Leonard, 2 Allen 407.
III. The Fuel and Iron Company was notified *13 of the assignment, and after receiving notice, regularly paid McCarney’s wages to the Supply Company. No formality is necessary to the acceptance of an instrument like this. The Fuel and Iron Company, by its conduct, placed itself in the position of debtor to the Supply Company, to the extent of McCarney’s wages. By paying the money to the Supply Company, it acknowledged its liability to that company.
The judgment will be reversed, and the court below instructed to enter judgment for the garnishee.

Reversed.