## SIGLER-BACH CO v WURLITZER CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10109. Decided Oct 28, 1929

Turney & Sipe, Cleveland, for Sigler-Bach Co.

Cannon, Spieth, Taggart, Spring & Annat, Cleveland, for Wurlitzer Co.

SULLIVAN, J.

When we come to examine the amended petition we find that there are no allegations of any breach of the lease. The mere allegation that The Sigler Brothers Co., in 1928 attempted to sublease the premises is not sufficient even though **part of the** allegation is that they were unable to do so. There is no allegation granting any right by the defendant in error that the premises could be subleased. Now, if there were no assignments of the lease, how could there be an assignment of any rights under the lease? The right to a cause of action would come from a breach of the lease in any event and there is no allegation of any such breach. Furthermore, from an examination of the pleadings in question, we do not find any basis for the claim that plaintiff in error makes, that there was a cause of action assigned, because it does not appear that The Sigler Brothers Co., had any cause of action to assign. If there was a cause of action passing to plaintiff in error, then the petition should make allegations specifically stating what the cause of action is so that the court, when coming to the question of demurrer, would be able to say whether there was a cause of action or a breach of the lease. If there were allegations in the petition showing a cause of action in The Sigler Brothers Co., the plaintiff in error would have to have some foundation for its right to commence a suit under such a cause of action, providing there were any allegations sufficient to show an assignment of such a cause of action, and a breach of the terms of the lease would be the basis and foundation for such a cause, but in the absence of any allegations for breach accruing to the Sigler Brothers Co., certainly the plaintiff in error would have no rights issuing from The Sigler Brothers Co., as to the cause of action or as to the breach.

One of the provisions in the lease was that lessee could not assign the lease without the written consent of the lessor and a further provision is that the lessee may sublet the premises by obtaining the written consent of the lessor, and there is attached to this latter, the further provision that such consent shall not be unreasonably withheld. There is no allegation relating to these provisions, because inasmuch as the authorities hold that such provisions are binding upon the parties, the allegations of the petition should show that before the assignment of the lease, the assignment of a cause of action, or a right to begin a suit for damages for breach, that there was an assignment or that the consent just noted was unreasonably withheld. There are no allegations of this nature in the pleadings sufficient to supply the defects in question. The lease was not assignable without the consent of the lessor. Therefore, in our judgment, there could be no cause of action for a breach of the lease, no matter how it got into the possession of plaintiff in error, when the lease itself was not assignable without the consent of the lessor, and if the lessor had assigned it there should be an allegation of consent thereto.

It was held in Elliott vs Johnson, L. R. 2 Queen's Bench, 120, that an assignment of a lease not bearing the consent of the lessor, does not transfer to the assignee a cause of action even though the covenants were such as would have run with the term under a provision that the lease was assignable.

As to the right to make contracts, prohibiting assignments and thus preventing the succession of rights in the assignee we call attention to Mueller vs Northwestern University, 63 N. E. 110.

It is the holding of the court, in the case just noted, that because the assignment had not been consented to, no cause of action was created.

It was held that if there was any assignment it related to the money which might accrue thereafter and not to the question of the assignment of the contract.

Another case which bears out our views and our judgment is City of Omaha vs The Standard Oil Co. 55 Neb. 337, 75 N. W. 859 and we quote the following language of the court:

"The assignment compelled the city to deal with strangers **** This may have been one of the very contingencies contemplated by the city against which it sought to provide by making the contract non-assignable. But it is

needless for us to speculate on the motives for the city's action. It is enough for us to know whatever its reasons may have been that it has in plain language stipulated against an assignment of the contract. That stipulation is valid and must be enforced. To hold that it covers some but not all of the rights and obligations arising out of the contracts, would be, it seems to us, an inexcusable perversion of its terms."

This authority relates to a contract, but a lease is of the same legal species and the same principles apply.

The authorities of the plaintiff in error cite the well established law that choses of action arising out of contracts may be assigned and against this law we have no complaint but it must be conceded that there is no applicability of these authorities when there are no allegations in the petition which show an assignment of any character whatsoever upon which plaintiff in error can base his rights.

Holding these views the judgment of the lower court is hereby affirmed.

Vickery, PJ., and Levine, J., concur.