JENS M. PETERSON, Appellant, v. JOHN BALL.

Assignment of Wages: DEFENSES: NOTICE TO EMPLOYER. Wages
1   to be earned in the future are assignable, and the emloyer can only interpose to an action therefor by the assignee such defenses as existed in his favor against the assignor before notice of the assignment.   The notice of assignment in such a case need not be in writing.

Pleading: BURDEN OF PROOF: JUDGMENT. Where a general denial
2   of all the allegations of the petition is entered, the burden of proof is on the plaintiff to establish his cause of action in default of which judgment for defendant should be entered, and a demurrer by plaintiff to the sufficiency of separate defenses set up in the answer will not be considered on an appeal from such judgment.

*Appeal from Clinton District Court.*—HON. W. F. BRANNAN, Judge.

MONDAY, OCTOBER 26, 1903.

ACTION to recover wages assigned to plaintiff by one Charles Brown, who at the time of the assignment was, and for some time thereafter continued to be, an employe of the defendant.   There was an answer for defendant in several divisions.   Plaintiff moved to strike out some of the divisions of the answer, and, on the overruling of his motion, elected to stand thereon, and judgment was rendered for the defendant, from which plaintiff appeals —*Affirmed.*

*Walliker Bros.* for appellant.

No appearance for appellee.

McCLAIN, J.—It is alleged in the petition that Charles Brown, being indebted to plaintiff on account, and being in the employ of defendant, executed and delivered to plaintiff a written assignment of a portion of the wages which should become due to him from defendant, such assignment being in the following language: "Clinton, Iowa, Dec. 21, 1898. For valuable consideration, I hereby assign, transfer and set over to J. M. Petersen the amount of $1.00 per week due me from my wages until May 1, 1899, and then $2.00 a week until Nov. 1, 1899, and so on until bill is paid up, the amount of one hundred and sixty-five dollars and seven cents ($165.07). Charles Brown." It is further alleged that said Brown continued to work for the defendant for such length of time after the assignment that the portion of his wages referred to in the above instrument would have amounted to $150, but that, although defendant had oral notice of such assignment, he failed and refused to retain out of the wages of Brown the portion thereof assigned to plaintiff except the sum of $5, which he has not paid to plaintiff, and that he refuses to pay to plaintiff the amount of $150, which is the amount which he should have retained out of said Brown's wages and paid over to plaintiff. In separate divisions of his answer, defendant denied the allegations of plaintiff's petition, except that he admitted being told by plaintiff that plaintiff had an assignment from Brown of a portion of his wages to be thereafter earned, payable $1 per week; but he alleged that as to whether or not said Brown signed the assignment, a copy of which is set out in plaintiff's petition, or executed or delivered the same to plaintiff, the defendant had neither knowledge nor infor-

mation sufficient to enable him to form a belief; further, that said Brown was at the date of the assignment a married man, the head of a family, and had no wages due or owing him by defendant, and that wages which became due to him after such assignment were for his personal services as' laborer, and were exempt, and that Brown's wife did not join in the assignment; further, that no written notice was ever given to defendant by plaintiff of said assignment, and that, before the bringing of plaintiff's action, defendant had paid to Brown all the wages due or owing him by defendant. There was another division of the answer, containing allegations to the effect that Brown demanded of defendant all the wages due or owing him, claiming them as personal earnings, and threatened to quit defendant's employ if he were not paid his wages in full; but, as no question arises under this division of the answer which it is necessary for us to decide in the disposition which we make of the case, we need not further consider it.

The motion to strike, so far as it is necessary to state it, properly raised the question as to the sufficiency of the divisions of the answer relating to the exemption of the wages, and the absence of a written notice to defendant as a defense to plaintiff's action. It was in effect a specific demurrer to each of these divisions of the answer, as not stating matter constituting a defense, and we shall treat the action of the court as though such a demurrer had been interposed and overruled. The ruling with reference to the allegation that the wages earned by Brown were exempt involves a construction of a provision found in Code, section 2906, as follows: "No incumbrance of personal property which may be held exempt from execution by the head of a family, if a resident of this state, under the provisions of law, shall be of any validity as to such exempt property only, unless the same be by written instrument, and unless the husband and wife, if both are

living, concur in and sign the same joint instrument."
Conceding that the earnings of Brown under his employ-
ment, with defendant were exempt property, the question
is whether this assignment was an incumbrance of such
property, and therefore invalid because not signed by
Brown's wife. This is an interesting question, and per-
haps not free from difficulty. But as we have not been
favored with any argument by appellee, we prefer not to
pass upon as the case can be satisfactorily disposed of
on other grounds.

With reference to the necessity of written notice to
the defendant, the question raised is simply this: Was
the defendant, in the absence of any written notice of an
assignment, conceding that he was orally notified thereof,
bound to retain the portion of Brown's wages covered by
the assignment, and pay such portion over to plaintiff, or
might he, notwithtsanding knowledge of the assignment,
discharge his indebtedness to Brown, and thus exonerate
himself from liability to plaintiff as Brown's as-
signee? It is well settled that, as a rule of common law,
choses in action are not assignable; but it is equally well
settled that, under the Code, such assignments are auth-

1. ASSIGNMENT orized by implication. See Code, section
of wages: de-
fenses: no- 3443, and cases noted thereunder. And it
tice to em-
ployer. results from the express language of Code,
section 3461, that, in an action by the assignee of a chose
in action, the defendant can only interpose 'such defenses
as existed in his favor, and against the assignor, before
notice of the assignment. Code, section 3047, has refer-
ence to assignments of open accounts and of sums of
money due on contract, and we do not see that the pro-
visions of that section which refer to written notice of the
assignment have any reference to, this case. It may well
be that wages to be earned in the future, under an exist-
ing employment, even though there is no definite contract
for the continuance of such employment, are assignable.

*Metcalf v. Kincaid*, 87 Iowa, 443. But that case was one where the employer had recognized the assignment, and paid over the wages of the employe to the assignee thereof; and the point decided was not that the employer was bound to recognize such assignment, and to insist on retaining from the employe's wages the portion covered by the assignment, but merely that, if he did so, the employe could not afterwards, in an action, recover the amount thus retained and paid over to the assignee.

We must confess to very serious doubt as to the soundness of the claim that an employer advised of an assignment of wages by his employe, but not accepting or undertaking to act under such assignment, must part with the services of his employe, working for him under an indefinite and indeterminate contract, if the employe refuses to work further under the condition that his wages are to be docked for the benefit of an assignee. However this may be, it was certainly competent for defendant in this case to raise the question of the existence or validity of the assignment. He had a right to raise such question in this action when sued for failure to recognize its validity and pay over the wages claimed thereunder. He did raise the question in the first and second divisions of his answer, in which he denied all the allegations of the petition, save as to the validity of the instrument of assignment on which plaintiff relied, as to which he denied any knowledge or information sufficient to enable him to form a belief with reference thereto. These divisions of the answer were not attacked by motion or demurrer, and left the burden of proof on the plaintiff to show that the alleged assignment was actually made. Even if it were conceded that under the provisions of Code, section 3640, a presumption should be entertained in behalf of the genuineness of Brown's signature to the assignment set out in plaintiff's verified petition (and we need not now explain why, as it seems to us, this case is not one for the ap-

plication of the provisions of that section), the general denial raised the question as to the validity not only of the assignment, but of the entire claim or cause of action against defendant, either in behalf of plaintiff or of Brown, for it is to be noticed that the obligation on which plaintiff sues the defendant is defendant's assumed obligation to Brown to pay him wages, and it is not pretended that this obligation was evidenced in writing over defendant's signature.   Such alleged obligation is controverted by the general denial of the answer.   The instrument set out is one executed as between Brown and plaintiff, and, even if the signature thereto is to be assumed to be genuine, it does not establish any cause of action as against defendant, in view of his general denial of all the allegations of the petition—not only those relating to the assignment, but those relating to his having had Brown in his employment, and refusing to retain out of his wages the portion thereof covered by the assignment.   Moreover, defendant did, as already indicated, expressly deny (and the answer was duly verified) any knowledge or information sufficient to enable defendant to form a belief as to whether Brown signed the assignment, or executed or delivered the same to plaintiff; and this was a sufficient denial under oath, in accordance with the provisions of Code, section 3640, above referred to.   The situation, then, was simply this:   Defendant had interposed a suffi-

2. PLEADINGS: burden of proof: judgment.

cient denial of all the allegations of plaintiff's petition to cast the burden of proof of such allegations on the plaintiff, and he had interposed in separate divisions of his answer affirmative defenses.   The plaintiff, in effect, demurred to the sufficiency of the affirmative defenses, and stood on his demurrer when the court held it to be insufficient.   If the judgment for the defendant could have been predicated solely upon the ruling holding plaintiff's demurrer insufficient, and plaintiff's action in impliedly admitting the truth of these

allegations by standing on his demurrer, then the correctness of the ruling on the demurrer could be 'considered under an appeal from the judgment. But conceding the affirmative defenses not to be sufficient, nevertheless there was a complete general denial; and we do not see how the plaintiff can complain of a judgment against him, when he has wholly failed in any way to sustain the averments of his petition as against such denial. If plaintiff had desired to raise the question as to the correctness of the ruling with reference to the sufficiency of the affirmative defenses, he should have proceeded to make out his case under the issue raised by the denial, which left the burden of proof upon him; and if, as a result of the trial, it appeared that he had a good cause of action, save as to the affirmative defenses, then he could, if judgment went against him on account of the interposition of these defenses, have had this court pass upon their sufficiency by way of appeal. But as he never made out any cause of action against defendant whatever, irrespective of the validity of the alleged defenses, we cannot see how he has any standing in this court. The judgment of the trial court is AFFIRMED.