## BLANCHETTE V. FARSCH *et al.*

1. Rev. Civ. Code, § 2033, providing that where one has a lien on several things, and others have subordinate liens on some, but not all of them, the person having the prior lien, if he can do so without loss, must resort first to the property on which his lien is exclusive, on the demand of a person interested, does not require a mortgagee to ascertain whether his mortgagor has subsequently incumbered a part of the premises; but the junior mortgagee, in the absence of a demand, cannot object to the first mortgagee proceeding against the property covered by his mortgage.

2. A first mortgagee, having knowledge of a subsequent mortgage on a part of the premises, may release the premises exclusively covered by his mortgage, when the remaining portion is sufficient to secure both mortgages.

(Opinion filed April 5, 1904.)

Appeal from circuit court, Jerauld county; Hon. FRANK B. SMITH, Judge.

Action by Absalom Blanchette against Catharina Farsch and others. From a judgment for plaintiff, defendant Stakke appeals. Affirmed.

*Preston & Hannet* and *J. E. Whiting*, for appellant.

A creditor who can resort to two funds will be required, as against another creditor who can resort to but one of them, to exhaust the fund upon which he has an exclusive lien, and can only resort to the other for the deficiency. Security Inves. Co. v. Richmond Nat'l. Bank, 49 Pac. 521; Paddock-Hawley Iron Co. v. McDonald, 61 Mo. App. 559; Equitable Mortgage Co. v. Lowe, 53 Kans. 39; Kendig v. Landis, 135 Pa. 612; Ball v. Letzer, 33 W. Va. 444; Whittaker v. Belvidere Roller Mill Co., 38 Atl. 289; City National Bank v. Comm. Bank, 65 Fed. 547; Whittaker v. Amwell National Bank, 29 Atl. 83.

*N. B. Reed* and *S. A. Ramsey,* for respondent.

In order to bring himself within the provisions of Sec. 2033 R. C., and to secure its benefits, the appellant is required by the statute to make a demand on the party holding the prior lien.

FULLER, J. Plaintiff obtained judgment in this action to foreclose a mortgage on real property, and the defendant Stakke, who alone defended, has appealed therefrom, and from an order overruling a motion for a new trial.

The facts are that the defendant Catharina Farsch, for the purpose of securing the payment of a $1,000 loan negotiated on the 21st day of August, 1889, concurrently executed and delivered to the Des Moines Loan & Trust Company the mortgage, which originally covered 320 acres of land, correctly described as "the northeast quarter of section two (2), and the northeast quarter of section three (3), all in township one hundred and six (106), north of range sixty-three (63) west of the fifth P. M. in Jerauld county, South Dakota." On the 9th day of December, 1889, the Des Moines Loan & Trust Company sold the promissory note and assigned the mortgage to Wilbur M. Brown, since deceased; and the defendant James Barnes, as the duly appointed and legally acting executor of the decedent's estate, executed and delivered an assignment thereof to respondent on the 22d day of November, 1899, and his authority to thus sell and transfer such security is established by competent proof. Prior to the last assignment mentioned, and to secure the antecedent debt of another, amounting to about $200, the mortgagor gave appellant a second mortgage on the northeast quarter of section 3, in which she covenants against "all

incumbrances whatever, excepting a mortgage to the Des Moines Loan & Trust Company for $500.'' Before commencing this action to foreclose his mortgage on the northeast quarter of section 3, and pursuant to an agreement made on behalf of Catharina Farsch with respondent, he accepted one half the aggregate amount due, and released the mortgage as to the northeast quarter of section 2, which tract was her homestead and otherwise unincumbered.

Granting all that is claimed by counsel for appellant, the vital question is whether a mortgagee of two separate and distinct parcels of land, one of which is the homestead of the mortgagor, may, under the circumstances of this case, release such homestead on receiving one-half the entire amount of the obligation, and thereafter collect the balance by foreclosure as to the remaining tract, on which there is a subsequent mortgage, taken subject to the exact amount collectible. When appellant obtained his mortgage, he had actual knowledge that the premises described therein, together with the homestead of the mortgagor, were incumbered to the full extent of $1,000, and he assumed the burden of paying one-half of such amount in order to protect his security. Having thus taken his security subject to a specified amount of the incumbrance, it would be unjust to the mortgagor to hold her homestead primarily liable therefor, even though appellant had made such a demand on respondent as the statute requires, and the facts disclosed by the record render it clearly inequitable to give his mortgage priority. It is only necessary for the person holding the prior mortgage to resort first to property upon which his lien is exclusive ''when he can do so without risk of loss to himself, or of injustice to other persons,'' and then only· ''on the demand

of a party interested." Rev. Civ. Code, § 2033. As a mortgagee is not obliged to ascertain whether his mortgagor has subsequently incumbered the premises, it is made the duty of a junior incumbrancer, both by statute and the courts of equity, to demand that resort be first had to property upon which the paramount lien is exclusive, and no such demand has ever been made by appellant. McIlvain v. Mutual Assurance Co., 93 Pa. 30; Groesbeck v. Mattison, 43 Minn. 547, 46 N. W. 135. From Wiltsie on Mortgage Foreclosure, at page 497, we copy as follows: "A mortgagee may release a part of the whole of the mortgaged premises without inquiring whether a junior incumbrancer has intervened, because it is the duty of the latter, if he intends to claim an equity through the prior incumbrance, to give the holder thereof notice, in order that he may act understandingly; and, if he fails to do so, the consequence of his neglect must be visited upon himself." Without intimating the view that might be taken by this court if the exact question were presented, and merely for the purpose of showing how highly the homestead right is esteemed in a neighboring jurisdiction, we quote the following headnote, which appears to be amply justified by the decision: "Where A. holds security upon two tracts of land, one of which is a homestead, and B. holds security only upon the tract not a homestead, A. will not be compelled to resort to the homestead tract first, in order to leave the other tract, as far as may be, to B." McArthur v. Martin, 23 Minn. 74.

The evidence received at the trial clearly shows that the quarter section involved in this action is of sufficient value to satisfy both mortgages, and the court found the same to be reasonably worth $1,700. Assuming, as a general prop-

osition, and as contended by counsel for appellant, that a mortgagee of separate parcels of land, having notice of a subsequent lien upon one of them, has no right to release any portion of his security, to the injury of such junior incumbrancer, the doctrine is not controlling when he receives and applies in extinguishment of his claim an equitable portion thereof, and it certainly has no application where the unreleased tract subsequently mortgaged is ample security for all there is against it. The law applicable to the facts here presented is correctly announced in Kelley v. Whitney, 45 Wis. 110, 30 Am. Rep. 697, where the court say: "While equity will not permit a prior mortgagee, knowing that portions of the mortgaged premises have been subsequently conveyed or incumbered, to release the other portions, and attempt to collect his entire claim out of those not released, to the injury of purchasers or second mortgagees, this rule does not apply where the unreleased portions subsequently mortgaged are ample to secure both mortgages." See also, 1 Jones on Mortgages, §722. Anchored upon the soundest principles of equity, the Wisconsin decision is decisive of this action, and the view we have taken renders immaterial the remaining points discussed in appellant's brief.

From a careful examination of the entire record, we find the evidence sufficient, and are convinced that no prejudicial error of law occurred at the trial It therefore follows that respondent was entitled to recover, without resort to the released premises, and the judgment appealed from is affirmed.