(159 App. Div. 81.)

### WARSCHAUSER v. BROOKLYN FURNITURE CO. et al.

(Supreme Court, Appellate Division, Second Department.    November 14, 1913.)

1. MASTER AND SERVANT (§ 341*)—INTERFERENCE WITH EMPLOYMENT.
    Where defendant maliciously caused plaintiff to lose her employment by prejudicing her employer, defendant is liable even though the employer had the right to terminate the employment and was not subject to an action for that reason.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1286; Dec. Dig. § 341.*]

2. MASTER AND SERVANT (§ 341*)—INTERFERENCE WITH EMPLOYMENT—ACTIONS —COMPLAINT.
    A complaint alleging that the collector of defendant visited plaintiff's place of employment and, laboring under great rage, threatened to procure her discharge if she did not immediately pay an installment on a purchase of furniture, that upon her refusal to offer to pay the next week he visited the manager and upon his return told her that her "job was up," and that she was thereupon discharged, states a cause of action for malicious interference with plaintiff's employment.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1286; Dec. Dig. § 341.*]

Appeal from Special Term, Kings County.
Action by Bessie Warschauser against the Brooklyn Furniture Company and George W. Morgan, impleaded with William G. Cooper. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed and remanded.
Argued before JENKS, P. J., and BURR, THOMAS, CARR, and STAPLETON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ralph G. Barclay, of Brooklyn, for appellant.
Joseph P. Reilly, of Brooklyn, for respondents.

STAPLETON, J. The appeal is by the plaintiff from an interlocutory judgment sustaining a demurrer to the complaint interposed by the defendants Brooklyn Furniture Company and George W. Morgan. The ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action. The learned trial court stated in a memorandum accompanying the decision sustaining the demurrer:

"If the suit is, as intimated on the argument, to recover damages for causing the discharge of plaintiff from her employment, the complaint is bad because there is no allegation of the facts, no statement by plaintiff as to any act of the defendant resulting in her discharge. Mere conclusions are not enough." ·

The plaintiff alleges in her complaint the incorporation of the defendant Brooklyn Furniture Company; the employment by it, as its agent, of the defendant Morgan; the employment by Frederick Loeser & Co. of the defendant Cooper as superintendent; and then makes the following allegations:

"VIII. That upon information and belief, on or about February 21, 1912, said defendant George W. Morgan, acting under the consent, authority, and direction of the defendant the Brooklyn Furniture Company went to the place of employment of plaintiff at Frederick Loeser & Co.'s store and, laboring under great·rage and excitement, said to plaintiff, within the hearing of a large number of customers and employers (sic) of said Loeser & ·Co., the following, 'I want that $2 you owe us right now.' Plaintiff answered 'That she would pay it next week, paying two installments at one time.' Whereupon defendant Morgan answered, 'you will pay it right now or I'll go up and see the manager and your position will be up' (meaning thereby that she would lose her position). Thereupon said Morgan went to the office of defendant Cooper and was closeted with him for some time. When he came 'down he told plaintiff that, 'I have seen the manager and your job is up; I've seen to it;' and 'that if you don't pay that $2 by 6 o'clock I'll take your furniture.' This occurrence took place on Tuesday, Wednesday being Washington's Birthday, and on Thursday, as predicted by defendant Morgan, she was informed by her employers that her services were no longer required.

"IX. That on or about February 21, 1912, said Morgan, with the aid and consent and acting under the authority of the defendant Brooklyn Furniture Company, willfully and maliciously induced the defendant Cooper to procure the discharge of this plaintiff by her employers.

"X. That on or about February 21, 1912, said defendant Cooper willfully and maliciously and without just cause or provocation, and in compliance with the request of the defendant Brooklyn Furniture ·Company and of Morgan, procured and induced the employers of this plaintiff to discharge her.

"XI. That no complaint had been made to her concerning her work either by her employers or by Loeser & Co. during the long number of years she was employed in Loeser & Co.'s store.

"XII. That plaintiff's services, as she had been informed and verily believes, were wholly satisfactory to her employers, and that she was discharged solely because of the willful and malicious actions of the defendants, and not through any fault, neglect, dereliction of duty, or incompetence on her part. ·

"XIII. That the plaintiff was on February 21 and 23, 1912, and for 11 years prior thereto had been, employed as demonstrator and sales agent of merchandise by various manufacturers of household articles, in the department store of Frederick Loeser & Co., of the borough of Brooklyn, N. Y., and as

such sales agent had a very large and remunerative custom, clientele, or trade, and that such facts were well known to each and all of the defendants herein.

"XIV. That previous to February 21 and 23, 1912, plaintiff had purchased certain household furniture from the defendant Brooklyn Furniture Company on the monthly installment plan, and that she had lived up to the terms of her contract at all times.

"XV. That upon information and belief her said discharge was procured and caused by the defendants Morgan and the Brooklyn Furniture Company, with the aid and assistance of the defendant Cooper, so that she might thereby be unable to keep up her payments upon her aforesaid contract with the defendant Brooklyn Furniture Company, who would then take said furniture from her, to her great loss and to their gain and profit.

"XVI. That, by reason of the willful and malicious acts of the defendants as aforesaid, plaintiff has lost her position and has been unable to obtain another position elsewhere, because of said discharge, and is greatly injured in her good name and credit and reputation and brought into public scandal and disgrace, all to her damage in the sum of $10,000."

The appeal, as it is presented to us, offers for determination two questions, one of substantive law and one of pleading. The question of substantive law is: Does an action for damages lie against a third person for maliciously inducing or procuring a master to discharge his servant, in the absence of any allegation of fraudulent means used to accomplish that purpose? The question of pleading is: If such an action lies, does this complaint state facts sufficient to constitute that cause of action?

[1] In Walker v. Cronin, 107 Mass. 555, at page 562, the court said:

"The general principle is announced in Com. Dig. Action on the Case, A.: 'In all cases where a man has a temporal loss or damage by the wrong of another, he may have an action upon the case to be repaired in damages.' The intentional causing of such loss to another, without justifiable cause, and with the malicious purpose to inflict it, is of itself a wrong."

In the well-considered case of Chipley v. Atkinson, 23 Fla. 206, 1 South. 934, 11 Am. St. Rep. 367, it was held that an action lies in behalf of an employé against a person who has maliciously procured the employer to discharge such employé from employment, where the period for which the employment was to continue is not certain, if damage result from the discharge even though, from inability to ascertain the amount of the damage, a verdict for nominal damages only should result. In that case the court said:

"From the authorities referred to in the last preceding paragraph, and upon principle, it is apparent that neither the fact that the term of service interrupted is not for a fixed period nor the fact that there is not a right of action against the person who is induced or influenced to terminate the service or to refuse to perform his agreement is of itself not a bar to an action against the third person maliciously and wantonly procuring the termination of or a refusal to perform the agreement. It is the legal right of the party to such agreement to terminate it or refuse to perform it, and in doing so he violates no right of the other party to it, but, so long as the former is willing and ready to perform, it is not the legal right but is a wrong on the part of a third party to maliciously and wantonly procure the former to terminate or refuse to perform it. Such wanton and malicious interference for the mere purpose of injuring another is not the exercise of a legal right. Such other person who is in employment by which he is earning a living or otherwise enjoying the fruits and advantages of his industry or enterprise or skill has a right to pursue such employment undisturbed by

mere malicious or wanton interference or annoyance. Every one has a perfect right to protect or advance his business if in doing so he infringes no superior legal right of another."

We think that the court stated a legal principle. See, also, Walker v. Cronin, supra; Angle v. Chicago, St. Paul, etc., R. Co., 151 U. S. 1, 14 Sup. Ct. 240, 38 L. Ed. 55; McGurk v. Cronenwett, 199 Mass. 457, 85 N. E. 576, 19 L. R. A. (N. S.) 561; Berry v. Donovan, 188 Mass. 353, 74 N. E. 603, 5 L. R. A. (N. S.) 899, 108 Am. St. Rep. 499, 3 Ann. Cas. 738.

[2] In our judgment sufficient facts are stated so that the court can see that the demurring defendants maliciously induced and procured the discharge of the plaintiff. The complaint alleged that Morgan, the dun of the defendant Brooklyn Furniture Company, manifesting an angry mind, threatened to have her discharged; that in execution of his threat he went to the office of Cooper, the superintendent of the department store in which she was employed; that after leaving Cooper's office he declared his mission had been successful, that her "job is up," that he had seen to it. She alleged that what he did was done by the authority of the other demurring defendant; that the defendant Cooper, in compliance with the request of the demurring defendant Morgan, procured and induced the employers of the plaintiff to discharge her; that two days afterwards (a holiday intervening) she was discharged by her employers, to whom her services had for a long time theretofore been satisfactory; and that her discharge was effected solely because of the malicious actions of the defendants, without any fault or neglect or dereliction of duty on her part. It is true she does not state what Morgan said to or did with Cooper or what Cooper said to or did with her employer, but in our judgment she stated circumstances from which the inference is permissible, if not compellable, that her employment was lost by the malicious and wanton interference of Morgan. She sets forth circumstances showing an intentional and willful act calculated to cause damage to the plaintiff by depriving her of her lawful employment, done with the unlawful and unjustifiable purpose of causing such damage and loss, and resulting in such damage and loss. It would be difficult to see what more the pleader could have done except to set out all the evidence and circumstances of the transaction. See Kain v. Larkin, 141 N. Y. 144, 151, 36 N. E. 9; Rochester R. R. Co. v. Robinson, 133 N. Y. 242, 246, 30 N. E. 1008.

The judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to defendants to withdraw the demurrer and plead anew on payment of such costs. All concur, except JENKS, P. J., not voting.