(92 Misc. Rep. 195)

SCOTT v. PRUDENTIAL OUTFITTING CO., Inc.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

1. MASTER AND SERVANT ⊗▷341—MALICIOUSLY CAUSING DISCHARGE—COMPLAINT—SUFFICIENCY.

A complaint of a minor, by her guardian ad litem, stating that the said minor was employed by a corporation, and had been for over two years, that the defendant represented to the employer that the infant was indebted to him and had assigned her salary as security, that because of such representation the employer discharged the infant, and that the representation was untrue, willful, and malicious, and for the purpose of extorting money which the minor did not owe, states a cause of action, in spite of the fact that the employment of the minor was at will, which would operate merely to reduce the damages, and not to abate the cause of action.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1286; Dec. Dig. ⊗▷341.]

2. INFANTS ⊗▷98—RIGHT TO EARNINGS—ACTIONS.

The mere fact that an action for maliciously causing the discharge of an infant is brought by a guardian ad litem will not raise a presumption

that the infant was not lawfully entitled to receive and retain the wages for her labor.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 293; Dec. Dig. ☞98.]

3. COURTS ☞188—JURISDICTION—MUNICIPAL COURT—SUBJECT-MATTER— "PROPERTY"—"ESTATE."

An action by a minor, by her guardian ad litem, for maliciously causing her discharge from her employment, is within the jurisdiction of the Municipal Court, under Municipal Court Act (Laws 1902, c. 580) § 1, subd. 14, conferring jurisdiction in "an action to recover damages for a personal injury, * * * or an injury to property, * * * excepting * * * libel, slander, * * * etc.," for the interest of a person in his employment and his right to its enjoyment free from interference by strangers is an "estate," within Code Civ. Proc. § 3343, subd. 10, defining an "injury to property" as "an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract."

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. ☞188.

For other definitions, see Words and Phrases, First and Second Series, Estate; Property.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Agnes Scott, by her guardian ad litem, against the Prudential Outfitting Company, Incorporated. From a judgment sustaining demurrer to an amended complaint, and dismissing the same, plaintiff appeals. Reversed, and demurrer overruled.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Leonard McGee, of New York City (Huber B. Lewis, of New York City, of counsel), for appellant.

Sidney V. Hirsh, of New York City, for respondent.

BIJUR, J. The demurrer was upon two grounds: (1) That the court had no jurisdiction over the cause of action. (2) That the complaint did not state facts sufficient to constitute a cause of action.

The allegations of the complaint are in substance that in April, 1915, the infant of whom plaintiff is the guardian ad litem was in the employ of a corporation, and had so been for over two years prior thereto; that in that month the defendant represented to the employer that the infant was indebted to the defendant, and had given an assignment of her salary as security for such indebtedness, and that defendant made claim to the salary due or to become due for that reason; that solely because of said representation the employer discharged the infant; that the representation was untrue, made willfully and maliciously, with wanton disregard of plaintiff's (meaning, no doubt, the infant's) rights, "and with the purpose of extorting from the plaintiff the payment of money that plaintiff did not owe." There are some further allegations corroborative of these statements, and the added allegation that by reason of the foregoing plaintiff has been out of employment since April 1915,

and that salary due her at the time of her discharge has been withheld because of such alleged assignment.

[1, 2] It can scarcely be doubted that in the present state of the law this complaint sets out a cause of action. Warschauser v. Brooklyn Furniture Co., 159 App. Div. 81, 144 N. Y. Supp. 257. As intimated in that case, and as held in Moran v. Dunphy, 177 Mass. 485, 59 N. E. 125, 52 L. R. A. 115, 83 Am. St. Rep. 289, the mere fact that the employment was at will does not impair the cause of action, however it may modify the amount of damages. There are many other cases to the same effect. Nor does the fact that the complaining employé was an infant preclude a recovery, since we cannot indulge in any presumption that the infant was not lawfully entitled to receive and retain the wages for her labor.

[3] As to the claim that the Municipal Court has no jurisdiction of this action, because it does not fall within the terms of section 1, subdivision 14, of the Municipal Court Act, I think that that ground of demurrer is equally unmaintainable. The subdivision confers jurisdiction upon the Municipal Court in "an action to recover damages for a personal injury, * * * or an injury to property, * * * excepting * * * libel, slander. * * *" The present action, of course, is not one for libel or slander. See Hollenbeck v. Ristine, 105 Iowa, 488, 75 N. W. 355, 67 Am. St. Rep. 306, and the Warschauser and Moran Cases, supra. There is no claim made that it arises out of a personal injury, but it does seem to me to be an action "to recover damages for an injury to property."

Respondent appeals to the definition of an "injury to property" in section 3343 of the Code as "an actionable act, whereby the estate of another is lessened," and lays particular stress upon the use of the word "estate." I do not think, however, that the Legislature intended to employ that word in the narrow sense contended for by respondent. I entertain no doubt that the interest of a person in his continued employment, and his right to enjoy the same free from malicious interference from an outsider, were intended by the Legislature to be included in the terms "property" or "estate." The language of the section, "an action to recover *damages* for a personal injury, * * * or an injury to property," indicates to my mind an intention to include practically all actions for damages except those specifically named.

In this connection, also, it is instructive to note the language of the Supreme Court of Massachusetts in Walker v. Cronin, 107 Mass. 555, 562, cited by the learned Appellate Division in the Second Department in the Warschauser Case, supra:

"In all cases where a man has a *temporal* loss or damage by the wrong of another, he may have an action upon the case to be repaired in damages."

Respondent cites in support of its general position Streever v. Birch, 62 Hun, 298, 17 N. Y. Supp. 195, which was an action by an employer under Laws 1873, c. 646, § 1, for damages because the defendant caused the intoxication of plaintiff's employé (a minor). An examination of the case convinces me that it has neither directly nor by implication any substantial bearing upon the questions involved in the case at bar.

Judgment reversed, with $30 costs, and demurrer overruled, with

leave to the defendant to withdraw the demurrer and answer within six days after service of a copy of the order entered hereon in the court below, with notice of entry thereof, upon payment of the costs. All concur.