LAWRENCE DOUCETTE *vs.* NATHAN SALLINGER.

Middlesex. October 17, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Unlawful Interference. Assignment,* Of wages. *Proximate Cause. Damages,* In tort.

One, who serves on the employer of a workman a notice of a supposed assignment of wages by the workman, which in fact was made by a different person of the same name, and on being informed by the workman of the mistake unjustifiably refuses to withdraw the notice and thereby causes the workman's discharge, is liable to the workman in an action of tort for the damages resulting from this

unlawful interference with his employment. Following *Lopes* v. *Connolly*, 210 Mass. 487.

In such an action it appeared that the plaintiff was discharged by his employer under a rule, that "any employee executing an assignment of wages will be liable to immediate discharge," and the presiding judge refused to rule at the defendant's request that the defendant "is not bound by the rule unless it is proven that he had notice of the existence of the rule or reasonable cause to believe that such a rule existed." *Held*, that the request for the ruling was refused rightly.

In the same case the judge also refused to rule at the request of the defendant "that the employer had no right to discharge the employee so as to render the defendant liable in damages without using reasonable prudence to ascertain whether or not the L D employed was the L D described in the notice." *Held*, that the request for the ruling was refused rightly.

In the same case it was *held* that the judge rightly refused to make a ruling which assumed that the plaintiff's employer acted arbitrarily in discharging him, there being no evidence to support this assumption, it appearing clearly that the plaintiff's contract of employment was terminated because of the supposed violation of one of its conditions, namely, that the employee should not assign his wages.

In the same case it was *held* that a portion of the judge's charge was correct which, properly interpreted, stated that, if the superintendent of the plaintiff's employer without further investigation mistakenly treated the plaintiff as the maker of the assignment of wages, the defendant, without whose unlawful interference the superintendent would not have acted, was the efficient cause of the plaintiff's discharge.

In the same case it was *held* that the question, whether the defendant wilfully interfered with the plaintiff's contract of employment, was for the jury and, if they found that he did so wilfully interfere, the plaintiff was entitled to reasonable compensation for his mental distress and anxiety. Citing *Lopes* v. *Connolly*, 210 Mass. 487, 495.

TORT for wrongfully causing the discharge of the plaintiff by the Heywood Brothers and Wakefield Company, a corporation in whose factory at Wakefield the plaintiff was employed as a chair worker earning on an average $7.50 a week, by serving a notice on that corporation falsely stating that the plaintiff had made an assignment of his wages to the defendant and by wilfully refusing to withdraw such notice when informed by the plaintiff that he never had made such an assignment. Writ dated October 6, 1915.

In the Superior Court the case was tried before *Hardy*, J. The evidence is described in the opinion. At the close of the evidence the defendant asked the judge to make the following rulings:

"1. That upon all the evidence the plaintiff is not entitled to recover.

"2. That if the jury find that the Heywood Brothers and Wakefield Company had at the time the notice of assignment of wages was served a rule that any employee assigning his wages would be

discharged, that the defendant is not bound by the rule unless it is proven that he had notice of the existence of the rule or reasonable cause to believe that such a rule existed."

"4. If the jury find that the employer had a record or office memorandum disclosing the name and address of the plaintiff and that the notice of assignment of wages served by the defendant contained the description of the assignee as Lawrence Doucette of Woburn, that the employer had no right to discharge the employee so as to render the defendant liable in damages, without using reasonable prudence to ascertain whether or not the Lawrence Doucette employed was the Lawrence Doucette described in the notice.

"5. If the jury find that the discharge of the defendant was not a necessary consequence, or a reasonably to be foreseen result of the defendant's act, but was the arbitrary choice of the employer, then the act of the defendant was not the proximate cause of the damage and the defendant is not liable.

"6. If the jury find that the defendant in serving the notice of assignment was in good faith, relying upon his statutory right, then the plaintiff's employer had two justifiable courses open: first, to withhold wages until the court had passed upon the matter; or, second, refuse to recognize that the assignment applied to the employee and recover costs from the now defendant in case of suit brought against it and if the employer arbitrarily discharged the plaintiff without taking either of said courses, then he acted at his peril and his act, not that of the defendant, was the proximate cause of the damage and the defendant is not liable."

The judge refused to make any of these rulings and submitted the case to the jury with other instructions, described in part in the opinion. The jury returned a verdict for the plaintiff in the sum of $350; and the defendant alleged exceptions to the refusal of the rulings requested by him and to "such parts of the charge as are inconsistent with the requested rulings."

*L. Marks,* for the defendant.

*G. M. Poland & L. P. Jordan,* for the plaintiff.

BRALEY, J. The defendant transmitted to the plaintiff's employer a copy of an assignment of wages purporting on its face to have been given by the plaintiff, with a statement of the indebtedness claimed to be due. If the evidence had not gone further it

well might be contended, that in what had been done the defendant, having as the record shows a valid assignment from a person bearing the same name as the plaintiff, honestly supposed that the assignor and the plaintiff were one and the same, and to protect his rights the notice was given in good faith.

But it further appears and the jury could find, that the defendant, upon being notified by the plaintiff's counsel of the mistake in identity, declined to withdraw the notice until the plaintiff came to his place of business and satisfied him that he was not the assignor and debtor. The plaintiff was under no obligation in the forum of morals or of law to make this journey. Nor was the burden upon him to convince the defendant of his mistake and to satisfy him that he was not the debtor. *Lopes* v. *Connolly*, 210 Mass. 487, 494. The pursuer, having insistently held to his course after being notified that he was in the wrong, must take the natural and probable consequences resulting from his negligence or refusal to institute the necessary inquiries, even if when he declined to act damage to the plaintiff might not have been expected or foreseen. *Fottler* v. *Moseley*, 185 Mass. 563. *Lopes* v. *Connolly*, 210 Mass. 487. *Odgen* v. *Aspinwall*, 220 Mass. 100, 103. The defendant not only was notified September 18, 1915, that the plaintiff was an employee of the Heywood Brothers and Wakefield Company and that he had been discharged under a rule of the company properly admitted in evidence, that "any employee executing an assignment of wages will be liable to immediate discharge," but on September 23, 1915, when informed of his loss of employment by the plaintiff's counsel, declined to act, and deliberately insisted upon the enforcement of the alleged assignment. It was not until the plaintiff, who, finding that he could not be reinstated unless the assignment was withdrawn, went to the defendant's place of business "and presented himself for identification," and procured an "order for the release of his wages," that his employment was restored on October 2, 1915.

The defendant's first request, that upon all the evidence the plaintiff is not entitled to recover, manifestly could not have been given. *Lopes* v. *Connolly*, 210 Mass. 487, 494. *Kennedy* v. *Hub Manuf. Co.* 221 Mass. 136. The second request, that the defendant " . . . is not bound by the rule unless it is proven that he had notice of the existence of the rule or reasonable cause to believe

that such a rule existed," as well as the fourth request " . . . that the employer had no right to discharge the employee so as to render the defendant liable in damages without using reasonable prudence to ascertain whether or not the Lawrence Doucette employed was the Lawrence Doucette described in the notice," were denied rightly. *Lopes* v. *Connolly,* 210 Mass. 487, 494. *Leahy* v. *Standard Oil Co. of New York,* 224 Mass. 352, 360.

The fifth request assumed that the company in enforcing the rule acted arbitrarily. But there is no evidence on which to rest this assumption. The judge moreover instructed the jury " . . . if you find on all the evidence . . . that this act on the part of the defendant would not naturally lead him to believe, or naturally lead you to believe that it would necessarily inflict damage upon him, if you are satisfied of that upon this evidence, the defendant would not be liable for any damage. Of course it is for you to say upon all the evidence here what might reasonably be expected by the defendant as a man of ordinary prudence under all the circumstances." The sixth request also assumes as matter of law that the plaintiff's discharge resulted from the wrongful act of the company in which the defendant did not participate. But, as previously said, while the contract of employment could be terminated at the will of either party without assigning any reason, the uncontroverted evidence clearly shows that it was terminated because of the violation of one of its conditions, that the employee should not assign his wages. *Casavan* v. *Sage,* 201 Mass. 547. We find no error in the refusal of these requests.

The defendant also excepted "to the charge as a whole and such parts of the charge as are inconsistent with the requested rulings." The argument for the defendant under the exceptions to the charge, in so far as it is the same in substance as the argument on the refusal to give the requests, is disposed of by what has been said. It is however contended, that the jury were erroneously instructed, that, if the company wrongfully discharged the plaintiff, yet the defendant would not be released from liability. But the exact instructions which accurately stated the law are, " . . . it is possible that you may find" that the superintendent "made a mistake in discharging this man, that doesn't relieve the defendant from liability if he has been guilty of a wrongful act, if that act, if there was such an act, caused any interference with the contract whereby

the plaintiff was discharged," meaning when read with the context and as the jury must have understood, that if the superintendent without further investigation mistakenly treated the plaintiff as the assignor, the defendant, but for whose unlawful interference the superintendent would not have acted, was the efficient cause of the discharge. *Lopes* v. *Connolly*, 210 Mass. 487. *Doe* v. *Boston & Worcester Street Railway*, 195 Mass. 168, 171, 172.

It is urged further that the instructions, "The plaintiff relies upon the fact that even though this notice was served, that the defendant was notified of the fact that there was a wrongful act, that he wasn't the man, and that the defendant didn't see fit to act, he sat still in his office and concluded that the plaintiff had a great deal to do in order to convince him that it was not so. Well, that is proper for your consideration as bearing upon whether there was malice shown. You have a right to consider that as well as the original act of sending the assignment out to Wakefield. If this defendant was notified by letter — of course you will read the whole of the letter by counsel for the plaintiff — that a mistake was made, what was he, the defendant, to do? Did that necessarily throw the burden upon the plaintiff to move about it?" followed by an anecdote by way of illustration, were inconsistent with the rulings requested. The question whether the defendant wilfully interfered was for the jury, and, if they so found, the plaintiff was entitled to reasonable compensation for his mental distress and anxiety, as pointed out in *Lopes* v. *Connolly*, 210 Mass. 487, 495, where the cases are collected. *Kennedy* v. *Hub Manuf. Co.* 221 Mass. 136, 141.

The result is, that an examination of all the alleged errors in so far as argued show no ground for reversal.

*Exceptions overruled.*