WARDELL COYLE, JR., Appellee, v. DES MOINES GATELY'S, INC.,
Appellant.

No. 44768.

JUNE 17, 1941.

G. C. Holliday, for appellee.

Brown & Brown, for appellant.

BLISS, J.—Plaintiff, an unmarried man, and defendant entered into a written agreement by the terms of which the plaintiff and his father would purchase and pay for wearing apparel which defendant would sell to them. The agreement also contained a personal property mortgage, and an assignment of "all wages, salaries, credits, commissions and emoluments of every nature and character due the undersigned and to become due or payable to the undersigned from his * * * employer or from any future employer in a sum sufficient to pay all the indebtedness." The agreement was signed and acknowledged by plaintiff and his

father. Plaintiff was then working at the Firestone Service Station. He and his father and another bought merchandise of the defendant and made payments on the account until there was a balance of $29.40 owing. Thereafter plaintiff began working at Manbeck's. Payments on the account being in default, defendant notified Manbeck of its rights under the wages assignment, as provided therein. Plaintiff on being asked whether he quit or was discharged, testified: "Well they told me I had better quit and get this deal straightened up with Gately's before I came back because they already had two checks and I guess they figured it was too much work in the office to keep letting checks pile up." He did quit. At his request, defendant released its claim on his wages and he drew them in full, but paid no part thereof on the account. Some months thereafter, plaintiff served an original notice on the defendant claiming $75 "on account of damages for wrongfully holding plaintiff's check by means of an invalid wage assignment." The action being a Class "B" one, under municipal court procedure, no pleadings were required other than the notice. (1939 Code section 10667.) The only evidence in support of his claim consisted of his own testimony that until his wages were released he was unable to pay his bills, and the light company turned off his lights, and he was humiliated by defendant's notice to his employer. Proper objections and motions to strike were made to this testimony. The court let it stand subject to further consideration. It was not stricken. At the close of all the testimony, defendant moved to dismiss the cause of action on the following grounds:

"1. That the plaintiff has wholly failed to show any acts or actions on the part of the defendant for which the defendant would be liable in damages.

"2. That the evidence conclusively shows that the defendant has a contract, marked Exhibit '1', which provides by its terms that the defendant shall have an assignment of the plaintiff's wages, and that the damages claimed in this case are for the service of a notice of said contract or assignment on plaintiff's employer.

"3. That there is no evidence of any damage to the plaintiff resulting from any acts or actions of the defendant.

"4. That any damages that may have resulted to the plaintiff in this matter are indefinite and not recoverable, and as being not within the contemplation of the parties upon the execution of the contract."

The motion was overruled and the court entered judgment against the defendant for $50 and costs.

Defendant then moved for a new trial for the following reasons:

"1. There is no evidence in the record proving any amount as damage to the defendant.

"2. There is no evidence in the record disclosing any act of the defendant for which damages are allowable.

"3. There is no evidence to support the verdict and judgment.

"4. The evidence fails to disclose any claim for damages against the defendant."

The trial court has certified that this case is one in which an appeal should be allowed.

I. Defendant's motion to dismiss was good and should have been sustained. It necessarily follows that the motion for new trial was good also.

Appellant assigns error as follows: "There can be no liability for the enforcement or attempted enforcement of an assignment of wages regardless of whether the assignment is valid or invalid."

Under the record made, there can be no question as to the merit of this assignment of error. It entitles the appellant to a reversal. Neither liability, nor damage was shown. There was no competent evidence upon which a court could award any amount as damages, or upon which any judgment for damages could be rendered. The defendant had violated no right of the plaintiff, or breached no duty owing him, which in any way made it liable in damages. The plaintiff had a right to assign his wages and to authorize the defendant to collect them to apply on the account. Having given this authority to defendant, the plaintiff has no legal basis for complaint because defendant notified the employer of its claim on the wages. Any humiliation suffered by

plaintiff because of such notice, or because of his inability to pay his other obligations cannot properly be charged to the defendant. Haines v. Welker & Co., 182 Iowa 431, 165 N. W. 1027, and Hutchins v. Jones Piano Co., 209 Iowa 394, 228 N. W. 281, cited by appellant, fully support its contention. The plaintiff failed to establish his case and the judgment is reversed.

II. The appellant also assigns that "the court erred in holding the wage assignment held by defendant was void." The appellee has filed no brief and argument.

The question of whether future personal earnings are assignable where the assignor is not at the time employed or under contract of employment, has never been directly passed upon by this court, so far as we have found. In Metcalf v. Kincaid, 87 Iowa 443, 448, 54 N. W. 867, 43 Am. St. Rep. 391, the wages assigned were those which would accrue during the succeeding seven months of a contract of employment in existence at the time of the assignment. The following statement therein was not necessary to a decision and under the facts is obiter dictum, to wit: "It is equally well settled that an assignment of wages expected to be earned in the future, and not based upon an existing contract, engagement, or employment, is void." The citations of the Metcalf case in Peterson v. Ball, 121 Iowa 544, 547, 548, 99 N. W. 79, and in In re Estate of Nelson, 211 Iowa 168, 171, 175, 233 N. W. 115, 72 A. L. R. 850, have no reference to this question.

While there are decisions to the contrary, some cited by appellant, and others appearing in 116 A. L. R. 958 et seq., the great weight of authority holds that assignments of future personal earnings, wholly in expectancy, and to accrue from employment not yet entered into or contracted for, are invalid. See Annotations, 116 A. L. R. 957 et seq.; 4 Am. Jur., section 41, page 260; 6 Corpus Juris Secundum, page 1067, section 20.

For all of the reasons stated, there is no merit in this assignment of error.

The judgment is reversed.—Reversed.

Chief Justice and all Justices concur.