Section 451 of the Civil Practice Act provides that in a civil case in a court of record, each party may peremptorily challenge not more than six. Section 372 of the Code of Criminal Procedure provides "A peremptory challenge is an objection to a juror, for which no reason need be given, but upon which the court must exclude him". The provisions of section 372 have been substantially followed in civil cases. (*DePuy* v. *Quinn*, 61 Hun 237, 245, dissenting opinion.) In tentatively accepting the juror Ford, the plaintiffs waived none of their rights to thereafter challenge him peremptorily. That right continued until the jury were sworn. (*Hathaway* v. *Helmer*, 25 Barb. 29, 30, 31; *Dorman* v. *Broadway R. Co.*, 5 N. Y. S. 769, 770, reversed on other grounds in 117 N. Y. 655; *People* v. *Hughes*, 137 N. Y. 29, 36.) The determination of a challenge involves a legal right and may be reviewed on appeal (*Hildreth* v. *City of Troy*, 101 N. Y. 234; Civ. Prac. Act, § 450). It was imperative, under the facts, that the Trial Justice permit the peremptory challenge to the juror Ford and his overruling of the challenge constitutes reversible error. Further, a careful review of the evidence convinces us that the verdicts of no cause for action are against the weight of the evidence and the motion to set them aside and for a new trial should have been granted. All concur. Taylor, P. J., and Harris, J., concur for reversal on the law only. (The judgments are for defendants for no cause of action in an automobile negligence action. The order denies a motion for a new trial. Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ. [See 269 App. Div. 808.]

DONALD KELLER, an Infant, by FRANK KELLER, His Guardian ad Litem, Appellant, v. WILLIAM H. HUNTER et al., Respondents.— Same decision and like cause of action as in companion case of *Sorensen* v. *Hunter* (*ante*, p. 1078). Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ. [See 269 App. Div. 808.]

MARY M. KELLER, an Infant, by FRANK KELLER, Her Guardian ad Litem, Appellant, v. WILLIAM H. HUNTER et al., Respondents.— Same decision and like cause of action as in companion case of *Sorensen* v. *Hunter* (*ante*, p. 1078). Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ. [See 269 App. Div. 808.]

FRANK KELLER, Appellant, v. WILLIAM H. HUNTER et al., Respondents.— Same decision and like cause of action as in companion case of *Sorensen* v. *Hunter* (*ante*, p. 1078). Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ. [See 269 App. Div. 809.]

JESSIE B. KELLER, Appellant, v. WILLIAM H. HUNTER et al., Respondents.— Same decision and like cause of action as in companion case of *Sorensen* v. *Hunter* (*ante*, p. 1078). Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ. [See 269 App. Div. 809.]

JESSIE KELLER, Appellant, v. WILLIAM H. HUNTER et al., Respondents.— Same decision and like cause of action as in companion case of *Sorensen* v. *Hunter* (*ante*, p. 1078). Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ. [See 269 App. Div. 809.]

HAROLD D. SHACKMAN, Doing Business under the Name of BELL CREDIT CLOTHING Co., Appellant, v. DIANA CALA, Respondent.— Judgment affirmed, with costs. Memorandum: The counterclaim pleads, and the evidence justified the finding of, an intentional tort. (*Warschauser* v. *Brooklyn Furniture Co.*, 159 App. Div. 81; *Scott* v. *Prudential Outfitting Co., Inc.*, 92 Misc. 195; *Doucette* v. *Sallinger*, 228 Mass. 444.) Punitive damages therefore were properly awarded. From the record we conclude that the verdict was not excessive. All concur. (The judgment affirms a judgment of Buffalo City Court in favor of defendant in an action to recover the purchase price of merchandise.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.